PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) has filed a report recommending that the committee and The Florida Bar be authorized to publish revisions to Florida Standard Jury Instructions (Civil).
A new 6.14 is submitted to implement this Court’s decision in Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984), dealing with the effect of failure to use an available seat belt. The committee also proposes to incorporate this issue in Model Charge la.
*683 Other changes requested deal with tor-tious interference with business,relationships, a new general note on use concerning submission of written charges to the jury, and an attached amendment to a note on use of MI 4.3, defamation claim: claimant not public figure, defendant is member of news media.
We grant approval to the committee and The Florida Bar to publish these amendments, which are set out following this opinion. Such approval is not to be considered as our interpretation that the charges are legally accurate, but acknowledges the good faith attempt of the committee to express an accurate statement in the designated areas.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
6.14 FAILURE TO USE SEAT BELT
Approved 4/26/85
Add the following new charge:
6.14 FAILURE TO USE SEAT BELT
An additional question for your determination on the defense is whether some or all of (claimant’s) damages were caused by [his] [her] failure to usé a seat belt.
[The automobile occupied by (claimant) was equipped with an available and fully operational seat belt.]
The issues for your determination on this question are whether the greater weight of the evidence shows [that the automobile occupied by (claimant) was equipped with an available and fully operational seat belt,] that (claimant) did not use the seat belt, that a reasonably careful person would have done so under the circumstances, and that (claimant’s) failure to use the seat belt produced or contributed substantially to producing the damages sustained by claimant.
If the greater weight of evidence does not support (defendant) on each of these issues, then your verdict on this question should be for (claimant). If the greater weight of the evidence supports (defendant) on these issues, you should determine what percentage of (claimant’s) total damages were caused by [his] [her] failure to use the seat belt.
COMMENT
See Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla.1984). This charge is appropriate when the seat belt issue is raised in diminution of claimant’s damages for claimant’s failure to mitigate damages. When the issue is rather whether claimant’s failure to use a seat belt contributed as a legal cause to the accident itself, see Pasakarnis ns. 3 and 4, the issue is presented by the comparative negligence charge, 3.8.
NOTES ON USE
1. If there is a factual issue of whether the seat belt was available and fully operational, use the bracketed language presenting that issue in the third paragraph. If there is no such issue, use the bracketed second paragraph instead.
2. To prevent a double reduction in claimant’s recovery for his failure to use a seat belt, the committee recommends that when giving 6.14 the court substitute “the accident” for the words “injury or damage” and “loss, injury or damage” where they appear in 3.8. See model charge la for appropriate revisions and a special verdict form for use in cases involving a seat belt defense.
3. The percentage found by the jury in response to this charge, representing the degree of claimant’s total damages caused by claimant’s failure to wear a seat belt, is to be multiplied by the net damages otherwise awardable to claimant, independent of seat belt mitigation, after reducing claimant’s total damages in the degree his other negligence contributed to the accident. See Pasakarnis, 451 So.2d at 454. For example, assume that defendant was found 80% negligent, claimant 20% negligent and claimant’s total damages are $100,000. Claimant’s net recovery without regard for *684 seat belt mitigation would be $80,000. If the jury also finds that claimant’s failure to wear a seat belt accounted for 10% of his total damages, the court will enter judgment for $80,000 less 10%, or $72,000.
Model Charges Index
Approved 4/26/85
Insert the following on Model Charges, page 2, after Model Charge No. 1 and renumber page references as appropriate: Model Charge No. la: automobile collision;
comparative negligence; single claimant and defendant; no counterclaim; seat belt defense_
Model Charge 1
Approved 4/26/85
Amend Model Charge 1 as follows (add underlined language and delete language stricken through);
MODEL CHARGE NO. 1
(automobile collision; comparative negligence; single claimant and defendant; no counterclaim)
Facts of the hypothetical case
John Doe was injured when the automobile he was driving collided with one driven by Richard Rowe with the consent of its owner, Sam Bell. Doe sued RoweT and BeR — and—Bell-s-insurer, Acme -Insurance Company. They pleaded contributory negligence. Questions of negligence, causation, and damages are to be submitted to the jury.
The court’s charge
[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to weigh and consider the evidence, to decide the disputed issues of fact, and to apply the law to the facts as you find them from the evidence.
[2.2] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience • and common sense.
[3.5c, Conventional charge on claim] The issues for your determination on the claim of plaintiff, John Doe, against defendants, Richard Rowe? and Sam Bell, and Acme fe&ur-ance-Gompany are whether defendant Rowe was negligent in operating Bell’s car; and, if so, [3.6] whether such negligence was a legal cause of loss, injury or damage sustained by plaintiff Doe.
[3.7] If the greater weight of the evidence does not support the claim of Doe, then your verdict should be for defendants.
[3.8] If, however, the greater weight of the evidence does support the claim of Doe, then you shall consider the defense raised by the defendants.
On the defense, the issues for your determination are whether Doe was himself negligent and, if so, whether such negligence was a contributing legal cause of the damage complained of.
If the greater weight of the evidence does not support the defense and the greater weight of the evidence does support the claim of Doe, then your verdict should be for Doe in the total amount of his damages.
However, if the greater weight of the evidence shows that both Doe and Rowe were negligent and that the negligence of each contributed as a legal cause of damage you should determine what percentage of the total negligence of both parties, Doe and Rowe, is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in this case.
*685 [4.1] Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damages, so that it can reasonably be said that, but for the negligence, the damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause. Negligence may be a legal cause of damage even though it operates in combination with the act of another if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.
[6.1c] If your verdict is for defendants, Rose7 and Bell,- -and Acme, you will not consider the matter of damages. But, if your verdict is for Doe, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows he sustained as a result of the incident complained of, including any such damages as he is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained by Doe, and any resulting pain and suffering experienced in the past or to be experienced in the future. There is no exact standard for measuring of such damage. The amount should be fair and just in the light of the evidence.
[6.2c] The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by Doe in the past or to be so obtained in the future.
[6.2d] Any earnings lost in the past and any loss of ability to earn money in the future.
[6.9a] If the greater weight of the evidence shows that plaintiff Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Doe may be expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
[6.10] Any amounts which you allow in damages for future medical expenses or loss of ability to earn money in the future should be reduced to their present money value and only the present money value of such amounts should be included in your verdict.
[6.1c, resumed] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of plaintiff Doe. The court will enter a judgment based on your verdict and, if you find that Doe was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find is chargeable to plaintiff Doe.
[7.1] Your verdict must be based on the evidence that has been received and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
You will be given one form of verdict, which I shall now read to you:
*686 (explain verdict form)
When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict form. You may now retire to consider your verdict.
Special Verdict Form
(see note on use, supra, Model charges, page 1)
VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of defendant, Richard Rowe, which was a legal cause of damage to plaintiff, John Doe?
YES NO
If your answer to question 1 is NO, your verdict is for defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Was there negligence on the part of plaintiff Rowe which was a legal cause of his damage?
YES NO
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
3. State the percentage of any negligence, which was a legal cause of the accident that you charge to:
Defendant Rowe _%
Plaintiff Doe _%
Total must be 100%
Please answer question 4.
4.What is the total amount (100%) of any damages sustained by plaintiff Doe and caused by the incident in question?
Total damages of plaintiff Doe $_
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff Doe. If you have found Doe negligent in any degree, the court in entering judgment will reduce Doe’s total amount of damages (100%) by the percentage of negligence which you found is chargeable to Doe.
SO SAY WE ALL this _ day of -, 19—
Foreman or Forewoman
Model Charge la
Approved 4/26/85
Add the following new charge:
MODEL CHARGE NO. la
(automobile collision; comparative negligence; single claimant and defendant; no counterclaim; seat belt defense)
Facts of the hypothetical case
John Doe was injured when the automobile he was driving collided with one driven by Richard Rowe with the consent of its owner, Sam Bell. Doe sued Rowe and Bell. They pleaded contributory negligence and also that Doe’s damages would have been reduced had he used his available and fully operational seat belt. Questions of negligence, causation, and damages are to be submitted to the jury.
The court’s charge
[2.1] Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to weigh and consider the evidence, to decide the disputed issues of fact, and to apply the law to the facts as you find them from the evidence.
[2.2] In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and *687 in the light of your own experience and common sense.
[3.5c, Conventional charge on claim] The issues for your determination on the claim of plaintiff, John Doe, against defendants Richard Rowe and Sam Bell are whether defendant Rowe was negligent in operating Bell’s ear; and, if so, [3.6] whether such negligence was a legal cause of loss, injury or damage sustained by plaintiff Doe.
[3.7] If the greater weight of the evidence does not support the claim of Doe, then your verdict should be for defendants.
[3.8] If, however, the greater weight of the evidence does support the claim of Doe, then you shall consider the defense raised by the defendants.
On the defense, the issues for your determination are whether Doe was himself negligent and, if so, whether such negligence was a contributing legal cause of the accident complained of.
If the greater weight of the evidence does not support the defense and the greater weight of the evidence does support the claim of Doe, then your verdict should be for Doe in the total amount of his damages.
However, if the greater weight of the evidence shows that both Doe and Rowe were negligent and that the negligence of each contributed as a legal cause of the accident, you should determine what percentage of the total negligence of both parties, Doe and Rowe, is chargeable to each.
[3.9] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in this case.
[4.1] Negligenc'e is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
[5.1a] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damages, so that it can reasonably be said that, but for the negligence, the damage would not have occurred.
[5.1b] In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause. Negligence may be a legal cause of damage even though it operates in combination with the act of another if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.
[6.1c] If your verdict is for defendants, Rowe and Bell, you will not consider the matter of damages. But, if your verdict is for Doe, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows he sustained as a result of the incident complained of, including any such damages as he is reasonably certain to experience in the future. You shall consider the following elements:
[6.2a] Any bodily injury sustained by Doe, and any resulting pain and suffering experienced in the past or to be experienced in the future. There is no exact standard for measuring of such damage. The amount should be fair and just in the light of the evidence.
[6.2c] The reasonable value or expense of medical care and treatment necessarily or reasonably obtained by Doe in the past or to be so obtained ⅛ the future.
[6.2d] Any earnings lost in the past and any loss of ability to earn money in the future.
[6.9a] If the greater weight of the evidence shows that plaintiff Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Doe may be expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on Doe’s *688 health, age and physical condition, before and after the injury, in determining the probable length of his life.
[6.10] Any amounts which you allow in damages for future medical expenses or loss of ability to earn money in the future should be reduced to their present money value and only the present money value of such amounts should be included in your verdict.
[6.14] Rowe and Bell contend that some or all of Doe’s damages were caused by his failure to use a seat belt.
The automobile occupied by Doe was equipped with an available and fully operational seat belt.*
The issues for your determination on this question are whether the greater weight of the evidence shows that Doe did not use the seat belt, that a reasonably .careful person would have done so under the circumstances, and that Doe’s failure to use the seat belt produced or contributed substantially to producing the damages sustained by Doe. If the greater weight of the evidence does not support Rowe and Bell on each of these issues, then your verdict on this question should be for Doe. If the greater weight of the evidence supports Rowe and Bell on these issues, you should determine what percentage of Doe’s total damages were caused by his failure to use the seat belt.
[6.1c, resumed] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of plaintiff Doe or any reduction because of Doe’s failure to wear a seat belt. The court will enter a judgment based on your verdict and will reduce the total amount of damages by any percentage of negligence which you find is chargeable to plaintiff Doe and also by any percentage of Doe’s total damages which you find were caused by Doe’s failure to use the seat belt.
[7.1] Your verdict must be based on the evidence that has been received and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.
[7.2] When you retire to the jury room, you should select one of your number to act as foreman or forewoman to preside over your deliberations and sign your verdict. Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
You will be given one form of verdict, which I shall now read to you:
(explain verdict form)
When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict form. You may now retire to consider your verdict.
Special Verdict Form
(see note on use, supra, Model charges, page 1)
VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of defendant, Richard Rowe, which was a legal cause of damage to plaintiff, John Doe?
YES_ NO_
If your answer to question 1 is NO, your verdict is for defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Was there negligence on the part of plaintiff Rowe which was a legal cause of the accident? (In answering this question, do not consider plaintiff’s use or failure to use a seat belt.)
YES_ NO_
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
*689 3. State the percentage of all negligence which was a legal cause of the accident that you charge to:
Defendant Rowe _%
Plaintiff Doe _%
Total must be 100%
Please answer question 4.
4. What is the total amount (100%) of any damages sustained by plaintiff Doe and caused by the accident?
Total damages of plaintiff Doe $_
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff Doe. The court in entering judgment on your verdict will make the appropriate reduction.
5. Did the plaintiff Doe fail to use reasonable care under the circumstances by failing to use an available and fully operational seat belt?
YES NO
If your answer to question 5 is NO, you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 5 is YES, please answer question 6.
6. Did the plaintiff Doe’s failure to use the seat belt produce or contribute substantially to producing any of the plaintiff Doe’s damages?
YES NO
If your answer to question 6 is NO, you should not proceed further except to date and sign the verdict form and return it to the courtroom. If your answer to question 6 is YES, please answer question 7.
7. What percentage of Plaintiff Doe’s total damages were caused by his failure to use the seat belt?
_%
Do not make any reduction of total damages because of Doe’s failure to wear a seat belt. The court in entering judgment will make the appropriate reduction.
SO SAY WE ALL THIS _ day of -, 19—
Foreman or Forewoman
MI 7.1, 7.2
Tortious Interference
Approved 4/26/85
Add the following new charges:
MI 7
TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
MI 7.1
INTERFERENCE WITH A CONTRACT NOT TERMINABLE AT WILL
The issues for your determination on the claim of (claimant) against (defendant) are whether (defendant) interfered with a contract between (claimant) and (name) and did so intentionally; and, if so, whether such interference caused damage to (claimant).
A person interferes with a contract between two [or more] other persons if he induces or otherwise causes one of them to breach or refuse to perform the contract.
Intentional interference with another person’s contract is improper. Interference is intentional if the person interfering knows of the contract with which he is interfering, knows he is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.
If the greater weight of the evidence does not support the claim of (claimant), then your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant).
“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the *690 greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [or] [damage] as was caused by the intentional interference. Such interference is the cause of [loss] [or] [damage] if it directly and in a natural continuous sequence produces or contributes substantially to producing such [loss] [or] [damage].
NOTE ON USE OF MI 7.1
Give MI 7.1 only in cases involving a contract not terminable at will. Ordinarily, the question of terminability would seem to be a question of law, but, if needed, a charge submitting actual issues on that subject should precede the court’s use and the jury’s application of MI 7.1.
COMMENTS ON MI 7.1
1. For simplicity, the Committee expressed the opposite characterizations, “tortious” or “wrongful” interference vs. “justified” or “privileged” interference, as “improper” vs. “proper” interference. Depending on the nature of the interference and the relations between claimant and the third party, the burden of proof on this element may be either upon claimant, to prove the interference was wrongful, or upon defendant, to prove it was justified. See Tamiami Trail Tours, Inc., v. Cotton, 463 So.2d 1126 (Fla.1985); Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980), pet. rev. denied, 411 So.2d 383 (Fla.1981); Heavener, Ogier Services, Inc. v. R. W. Florida Region, Inc., 418 So.2d 1074 (Fla. 5th DCA 1982); Berenson v. World Jai-Alai, Inc., 374 So.2d 35 (Fla. 3d DCA 1979), disapproved on other grounds in, Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985); See also Restatement (Second) of Torts §§ 767 et seq.
2. MI 7.1 is intended to apply to the majority of cases where the issue to be determined is whether the defendant has intentionally interfered with a contract not terminable at will. In most such cases, there is no “justification” or “privilege”; therefore if the interference is “intentional,” it is likewise “improper.” However, in certain relatively rare factual situations, interference with a contract not terminable at will may be justified or privileged and, therefore, proper even though intentional. E.g., Restatement (Second) of Torts 770 )“Actor Responsible for Welfare of Another”), 772 (“Advice as Proper or- Improper Interference”), 773 (“Asserting Bona Fide Claim”), 774 (“Agreement Illegal or Contrary to Public Policy”). See generally Restatement (Second) of Torts § 767; W. Prosser, Law of Torts, §§ 129, 942-44 (4th ed. 1971). In such cases, MI 7.2 may be used as a starting point for a proper charge.
MI 7.2
INTERFERENCE WITH CONTRACT TERMINABLE AT WILL OR WITH PROSPECTIVE BUSINESS RELATIONS: COMPETITION OR FINANCIAL INTEREST DEFENSE
The issues for your determination on the claim of (claimant) against (defendant) are whether (defendant) interfered with business relations between (claimant) and (name) and did so improperly and intentionally; and if so, whether such interference caused damage to (claimant).
The first question is whether (defendant) interfered with (claimant’s) business relations with (name) by inducing or otherwise causing (name) [not to enter into a contract with (claimant) ] [not to continue doing business with (claimant) 1 [to terminate or bring to an end a contract which (name) was not bound to continue with (claimant) ] [(describe other interference) ].
If (defendant) did [interfere with (claimant’s) business relations with (name) ] [cause (name) to cease doing business with (claimant) ], then the next question is whether, as contended by (claimant), the interference by (defendant) was improper. A person who enjoys business relations with another is entitled to protection from improper interference with that relationship. However, another person is entitled to [compete for the business]N1 [or]N-2 [advance his own financial interest]N-2 so long *691 as he has a proper reason or motive and he uses proper methods.
A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance [or protect]N-2 his own business [or financial] N-2 interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and his interference is improper.
So also, a person who interferes with another’s business relations using ordinary business methods [of competition]N1 does not interfere by an improper method. But one who uses physical violence, misrepresentations, illegal conduct or threats of illegal conduct, and the like, has no privilege to use those methods, and his interference using such methods is improper.
If (defendant’s) interference was improper, the last question is whether it was intentional as well. Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.
If the greater weight of the evidence does not support the claim of (claimant), [that (defendant) intentionally interfered with (claimant’s) [contract] [business relationship] with (name),]N s then your verdict should be for (defendant).
“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence of the case.
[However, if the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense of (defendant). On the defense, the issue for your determination is whether (defendant) acted properly in interfering as he did.]N-3
If the greater weight of the evidence [does not support the defense of (defendant) and the greater weight of the evidence] N-3 does support the claim of (claimant, your verdict should be for (claimant).
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [or] [damage] as was caused by the intentional interference. Such interference is the cause of [loss] [or] [damage] if it directly and in a natural and continuous sequence produces or contributes substantially to producing such [loss] [or] [damage].
NOTES ON USE OF MI 7.2
1. The bracketed phrases marked N.l should be given only in cases involving a competition defense and not in cases involving only a financial interest defense.
2. The bracketed- phrases marked N.2 should be given only when there is a factual issue of whether the defendant interfered to protect his own financial interest in the business of another.
3: The bracketed phrases and sentences marked N.3, in three consecutive paragraphs, are to be given only when the court has determined that justification is an affirmative defense on which defendant has the burden of proof. Omitting this bracketed material requires claimant to prove not only that defendant intentionally interfered but also that the interference was wrongful.
COMMENT ON MI 7.2
The two most common bases for interference claimed to be “proper” or “improper” are the defendant’s competitive purposes or his financial interest in the business of the third person whose relationship with claimant was interrupted. See Restatement (Second) of Torts §§ 768, 779. The Committee therefore includes in MI 7.2 the substance of issues to be considered in those situations. The Committee has been unable to express comprehensively the substance of issues, e.g., Restatements § 767, which may control other cases. In such *692 cases MI 7.2 may be used as a starting point for a proper charge.
General Note on Use
Approved 4/26/85
Submission of Charges to Jury
Add the following to General Note on Use, page xxii:
Addendum 1984
Delivery of written instruction to jury:
It is generally agreed that the judge has discretion to delivery to the jury a written copy of the instructions orally delivered. Annot., 91 A.L.R.3d 336 (1979). The desirability of that practice was recognized long ago in Florida. Dixon v. State, 13 Fla. 636, 651 (1869-1871) (“Indeed, they may thus better understand it, and avoid confusion in their deliberations.”) The absence of repetition in Florida Standard Jury Instructions (Civil) would seem to make the practice more desirable. If a written copy of the instructions is furnished to the jury, the Committee recommends that it be a complete copy, without interlineations.
MI 4.3 Defamation
Approved 4/26/85
Amend Note on Use 1 to MI 4.3 as follows (add underlined language and delete language stricken):
NOTES ON USE
1. Time, Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976), held that state law may not hold the press liable without fault for defamation of one not a public figure; and Gertz v. Robert Welch, Inc., 418 U.S. 323, 347, 94 S.Ct. 2997, 3010, 41 L.Ed.2d 789, 809 (1974), held the states may otherwise “define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual.” The Florida- Supreme Court has not- since decided whether the- previous First Amendment-standard, see-Gibson-v,- Maloney, 231 So.2d 823-(F-ku-1970), continuos-as-a-matter of state law, requiring-actual malice for press liability to a nonpublic figure involved in-an- occurrence of public or general interest. — In Helton v. United Press International, 383 So,-2d 650 (Fla, 1st DCA -1-974), the district court held that actual mai-ice-is-not required-4or-liability in such a case. Until-there is an authoritive decision to — the-contrary, the committee assumes that Florida’s fault standard is negligence. In Miami Herald Publishing Co. v. Ane, 458 So.2d 239 (Fla.1984), the Florida Supreme Court confirmed that the negligence standard of liability to a private figure defendant applies in Florida for a media publication concerning events of general or public interest.

 In this model charge the Committee assumes that this preemptive charge is appropriate. In other circumstances the issue should be submitted to the jury. See SJI 6.14, Note on Use 1.