TAYLOR, Judge.
The appellant, a juvenile, appeals from an order transferring his two cases from the Juvenile Court of Jefferson County, Bessemer Division, to the circuit court for prosecution as an adult.
The delinquency petitions alleged that on February 8, 1992, the appellant murdered two teenage boys and attempted to murder a teenage girl by beating them with a baseball bat. The trial judge granted the State’s petition to transfer the appellant to the circuit court to stand trial as an adult, and the appellant now appeals.
I
The appellant initially contends that he was denied a fair and impartial transfer hearing, because, he says, the local media published his and his codefendant’s name in violation of the applicable confidentiality laws. §§ 12-15-100 and -101, Code of Alabama 1975. Specifically, he contends that the release of his and his co-defendant’s name, along with the prevalent news coverage of the crime and the transfer hearing, prejudiced the trial judge. Specifically, he argues that the trial judge should have granted his motions for recusal and for a change of venue.
The facts here are analogous to situations involving extensive publicity before *1255 an actual trial. There was, at the time of this transfer hearing, much speculation by the media as to what actually took place on the night of the murders, including speculations that gang-related activity or a Satanic ritual took place at the time of the deaths.
The proceedings in this case was not a trial, but rather a transfer hearing, with the circuit judge sitting as the trier of fact. There was no jury that could be influenced by the media reports. There is a powerful presumption that the trial judge is and will be impartial. McMurphy v. State, 455 So.2d 924 (Ala.Cr.App.1984). See also Adkins v. State, 600 So.2d 1054 (Ala.Crim. App.1990), remanded on other grounds, 600 So.2d 1067 (Ala.1992). The essence of our system of justice is premised on the fact that a court will decide all matters before it without regard to any pressures or influences of any kind whatsoever. The independence of the judiciary is, and must be, an oak, not a bamboo.
The appellant has alleged, in essence, that members of the media knew and released his name, and that this fact caused the trial court to decide the transfer issue against him. Because the trial court of necessity knew the appellant’s name, we conclude that the media’s knowledge of his name was meaningless. The issue of media influence does not enter in transfer proceedings, where the trial judge sits as the trier of fact.' Any violation of the juvenile confidentiality laws did not, therefore, affect the appellant’s transfer hearing so as to violate the appellant’s right to a fundamentally fair hearing.
II
The appellant next contends that the trial court erred by not granting his motion for a continuance of the transfer hearing. The appellant, during the transfer hearing, moved for a continuance for the purpose of testing by his own psychologist. Before the hearing, the trial court had ordered the appellant to submit to a psychological examination, pursuant to § 12-15-70, Code of Alabama 1975, which he did. The court-appointed psychologist, Dr. Blotcky, found the appellant capable of aiding in his own defense, capable of understanding the nature of the charges against him, and capable of standing trial as an adult. The appellant’s counsel received a copy of Dr. Blotcky’s report of the examination two days before the transfer hearing.
The accused in this case was not prejudiced by the trial court’s denial of his motion for a continuance. A review of the testimony reveals that the state presented a prima facie case to the court, and that the evidence presented was sufficient to justify the transfer. The presentation of contradictory psychological evidence by the appellant is not grounds for denying the transfer to circuit court. Further, any failure of appellant’s counsel to present rebuttal psychological testimony is not prejudicial to the appellant. A transfer hearing is a probable cause hearing. It is not a hearing to adjudicate the guilt or innocence of the child. Ex parte W.T.K., 586 So.2d 850 (Ala.1991); Smith v. State, 475 So.2d 683 (Ala.Cr.App.1985). Under our procedure, we do not have one proceeding for one side of a case and then another proceeding for the other side of the case. Both sides have to be presented in the same proceeding.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., concurs in result only.