McMILLAN, Presiding Judge.
On August 27, 1999, the appellant, J.L., was charged in a delinquency petition with receiving stolen property in the second degree (case number JU-99-52426, the “first” or “original” case). The State moved to transfer the case to circuit court so the appellant could be tried as an adult. Approximately one month later, the juvenile court intake officer discovered that the petition stated an incorrect offense.[1] However, the officer was not able to get the complainant to come in at that time to sign an amended complaint. On September 30, the family court conducted a hear *207 ing on the State’s motion to transfer the case so that the appellant could be tried as an adult. The court found that the State had not met its burden of proving probable cause and dismissed the case. On November 22, the intake officer filed a second delinquency petition (case number JU-99-51759, the “second” or “subsequent” case). The second petition charged the appellant with receiving stolen property in the first degree, based on the same facts set out in the first petition. The appellant moved to dismiss the second petition on numerous grounds, including res judicata and collateral estoppel. Judge Sandra Storm found that jeopardy had not attached and denied the appellant’s motion. Because Judge Storm had heard the original case, she recused herself and transferred the ease to Judge Elise Barclay. On September 27, 2000, the State filed a motion asking the family court to relinquish jurisdiction, on the ground that the court had- lost jurisdiction over the appellant on February 25, 2000, when he pleaded guilty in adult criminal court to possession of marijuana in the first degree. After a hearing, Judge Barclay granted the State’s motion to relinquish jurisdiction and denied the appellant’s motion to dismiss the case. She also subsequently denied the appellant’s motion for new trial. Shortly thereafter, the appellant filed written notice of appeal.
The appellant contends that the family court erred in denying his motion to dismiss case number JU-99-51759 because, he says, the case had already been adjudicated. In support of this contention, the appellant states nine “issues” on appeal. For the sake of clarity, these issues will be addressed in the order they appear in the appellant’s brief.
We can find no previous caselaw addressing whether a second delinquency petition can be filed after a previous petition alleging the same facts has been dismissed for failure to prove probable cause. The following summary of relevant cases, rules and statutes is offered as background for this case.
When an adult defendant is charged in a felony complaint, he or she has the right to a preliminary hearing in district court. Rules 5.1(a) and 5.3(a), Ala.R.Crim.P. If a hearing is conducted and the evidence that a crime was committed is insufficient or there is a lack of probable cause to believe that the defendant committed it, the court must dismiss the complaint and discharge the defendant. Rule 5.4(c). This dismissal does not preclude a subsequent prosecution for the . same offense. Rule 5.4(d).
Juvenile transfer hearings are “analogous to preliminary hearings.” O.M. v. State, 595 So.2d 514, 517 (Ala.Crim.App.1991). When a juvenile defendant is charged in a felony complaint, an intake officer investigates the complaint. Rule 12(A) and (B), Ala.R.Juv.P. The officer may adjust the case informally or, if judicial action appears necessary, may file a petition with the juvenile court. Rule 12(C)(1) and (2), Ala.R.Juv.P. If the juvenile court finds that the allegations in a petition are not proven, the court must dismiss the petition and discharge the juvenile. § 12 — 15—65(d), Ala.Code 1975. Before a delinquency petition is heard on its merits, the prosecutor may file a motion asking the court to transfer the defendant for criminal prosecution. § 12-15-34(a), Ala.Code 1975. Transfer hearings are divided into a probable-cause phase, in which the court determines whether there is probable cause to believe that the juvenile committed the alleged crime, and a dispo-sitional phase, in which the court determines if transfer is in the best interest of the child or the public. J.S.A. v. State, 615 So.2d 1288 (Ala.Crim.App.1993). If the defendant is transferred, the court must set out in writing the reasons for the transfer *208 and must include a finding of probable cause. § 12 — 15—34(f). The juvenile court’s finding of probable cause precludes the necessity for a preliminary hearing after the transfer. § 12 — 15—34(g).
In Ex parte Cruse, 474 So.2d 109 (Ala.1985), the Alabama Supreme Court reversed the denial of Cruse’s petition for writ of error coram nobis. Cruse had contended that he was denied effective assistance of counsel when his attorney did not challenge his transfer for trial as an adult. The Court found that the juvenile court’s transfer order was inadequate because the court did not consider the six factors set out in § 12-15-34(d), Ala.Code 1975. On remand, the juvenile court held a new transfer hearing and entered a written transfer order in which it properly considered the requisite factors. Cruse subsequently appealed the second order on several grounds, including double jeopardy. This court held that the second transfer hearing did not place Cruse in double jeopardy because the court’s first transfer order did not contain an adjudication of guilt or delinquency. Cruse v. State, 489 So.2d 694 (Ala.Crim.App.1986).
A.
The appellant first acknowledges that jeopardy does not attach at a motion to transfer because the hearing does not determine innocence or guilt. He specifically states that he “does not argue double jeopardy.”
B.
The appellant contends that, instead of filing another complaint alleging the same facts and law, the State should have filed a motion asking the family court to reconsider its finding of no probable cause or, in the alternative, should have appealed. He notes that, in T.L.R. v. State, 608 So.2d 767 (Ala.Crim.App.1992), the juvenile court reopened the defendant’s case after initially denying the State’s motion to transfer. He argues that the same procedure could have been followed in his case.
However, the procedure used in T.L.R. cannot be applied under the facts of this case. In T.L.R., the juvenile court found that probable cause existed, but decided not to transfer the case to the circuit court for trial. The court therefore had jurisdiction to amend its original order and later to transfer the case. Here, however, the family court found no probable cause to believe the appellant committed the underlying offense and dismissed the case. After the dismissal, the court had no jurisdiction with regard to the initial case.
C.
The appellant also contends that, after the time for filing a posttrial motion or an appeal has expired, a finding of no probable cause is a final disposition of the case. He notes that, in D.L. v. State, 625 So.2d 1201 (Ala.Crim.App.1993), and R.K.L. v. State, 650 So.2d 586 (Ala.Crim.App.1994), this court reversed the juvenile court’s judgment because the finding of probable cause was erroneous. He argues that these reversals indicate that a finding of “no probable cause” is “a final judgment in every way.”
The appellant’s contention is misplaced. The juvenile court’s dismissal of the appellant’s first case was not challenged, and it was a final disposition with regard to that case. However, the transfer hearing was like a preliminary hearing. O.M. v. State, supra. After a preliminary hearing, the State can pursue a subsequent prosecution on the same set of facts. See Rule 5.4(d), Ala.R.Crim.P., which permits subsequent prosecution when a criminal defendant’s case is dismissed after a preliminary hearing. Here, similarly, the *209 State could file a second delinquency petition against the appellant. The dismissal of the first case was not a final disposition with regard to the subsequent case.
D.
The appellant again states that he “does not argue double jeopardy in this case.”
E.
The appellant contends that the juvenile court lacked authority to grant the State’s motion to relinquish jurisdiction. He argues that there was no legitimate case pending when the motion was filed because the dismissal in JU-99-52426 had been a final disposition of his case.
This contention also is misplaced. The motion to relinquish jurisdiction was filed in JU-99-51759. The dismissal in JU-99-52426 was not a final disposition with regard to the subsequent case. The intake officer filed the second delinquency petition on November 22, 1999. On February 25, 2000, while the second petition was pending, the appellant pleaded guilty in adult criminal court. Section 12-15-34(j), Ala.Code 1975, provides, in pertinent part, that the conviction of a child in an adult criminal court “shall terminate the juvenile court’s jurisdiction over that child with respect to any ... pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.”
F.
The appellant contends that the procedure for juvenile transfer is analogous to the procedure for commitment of a defendant who is found not guilty by reason of mental disease or defect. He argues that, under Rule 25.2(c), Ala.R.Crim.P., a defendant must be released from custody if the court does not find probable cause to believe that he is mentally ill and dangerous to himself or others. He argues that, where there has been no finding of probable cause, a court has no further jurisdiction over a defendant.[2]
The transfer hearing was like a preliminary hearing, O.M. v. State, supra, and the dismissal did not preclude the State’s returning the appellant to juvenile court. See Rule 5.4(d), Ala.R.Crim.P., supra. With regard to the appellant’s analogy, Rule 25.2(c), does not bar a subsequent civil commitment because the defendant was released instead of being criminally committed by the court.
G.
The appellant contends that the doctrines of res judicata and collateral es-toppel apply to the facts of his case. He argues that, in Parker v. State, 516 So.2d 859 (Ala.Crim.App.1987), this court stated that these doctrines apply in criminal as well as civil cases. However, the appellant’s proceeding was a juvenile transfer hearing, not a criminal case. A transfer hearing does not involve a “criminal prosecution.” Cruse v. State, supra, at 697.
H.
The appellant contends that the doctrine of res judicata did not allow the State to retry matters decided in JU-99-52426. He argues that the matter of probable cause was decided at the transfer hearing and could not be heard again.
*210 However, the doctrine of res judi-cata was inapplicable, as stated earlier. A transfer hearing is not a criminal case. Cruse v. State, supra. Furthermore, the doctrine of res judicata applies after a court of competent jurisdiction has entered a final judgment on the merits of a cause of action. Duke v. State, 48 Ala.App. 188, 263 So.2d 165 (1971). An order denying transfer is not a final judgment. T.L.R. v. State, supra.
I.
The appellant contends that the doctrine of collateral estoppel bars the State from trying the same facts under a new case number. The doctrine of collateral estoppel is not applicable in a juvenile transfer because the doctrine only applies to final judgments. T.L.R. v. State, supra. An order denying transfer is not a final judgment. Id.
J.
The appellant’s final contention is that the second delinquency petition was “expired” because more than 14 days elapsed between the intake officer’s receipt of the original complaint and the filing of the second petition.[3] He argues that the second complaint was a “sham” because, he says, the complaint was “signed on 22 November 1999” and the petition was signed “two (2) (sic) days earlier” on “19 November 1999.” He also argues that the second complaint was not filed with the juvenile court.
The appellant’s contention is not supported by the record. The record reflects that an unsigned “delinquent complaint” in the name of “[Officer] Orange” was “Verified/Filed” with the intake officer on November 22. On the same day, a “petition” was filed in the juvenile court. The petition contained a section which set out the facts of the complaint. The section was signed by Officer Orange and the intake officer on November 19. Rule 12(C)(2), Ala.R.Juv.P., required the intake officer to file the petition in the juvenile court. However, the rule did not require him to file the complaint.
Based on the foregoing, the decision by the juvenile court is due to be affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Receiving stolen property in the second degree is receipt of stolen property the value of which exceeds $100 but does not exceed $1,000. § 13A-8-18, Ala.Code 1975. Receipt of stolen property exceeding $1,000 in value constitutes receipt of stolen property in the first degree. § 13A-8-17. The appellant was charged with receiving a stolen late-model van, the value of which was between $15,000 and $20,000.

. The appellant also states that Rule 32.2(a), Ala.R.Crim.P., is another example of "issue preclusion.” That rule precludes postconviction relief on a ground that was raised or addressed at trial. However, a transfer hearing is not a trial. C.S. v. State, 615 So.2d 1254 (Ala.Crim.App.1992). Therefore, the issue of probable cause was not raised or addressed "at trial" in the present case.

. The appellant included this contention in Section I of his appellate brief.