ON REHEARING
TYSON, Judge.
On January 8, 1985, this court unanimously, without opinion, 467 So.2d 973, affirmed the order of the District Court of Morgan County, transferring this cause to circuit court for trial as an adult.
In our original discussions we noted that the six factors required in § 12-15-34(d), Code of Alabama 1975, were all considered by the district court as well as the fact that evidence was considered by the district court which established probable cause and the court then entered its order granting the transfer.
I
While this cause was pending in this court on rehearing, the Supreme Court of Alabama entered its opinion of January 25, 1985 Whisenant v. State, 466 So.2d 1006, which requires that where, as here, a statement was taken from the appellant and such was placed in evidence at the transfer hearing to establish probable cause, that, in such situations, the trial court must also consider the requirements of A.R.J.P. 11(A)(4). Rule 11(A) provides:
“(A) When the child is taken into custody, he must be informed of the following rights by the person taking him into custody:
“(1) that he has the right to counsel;
“(2) that if he is unable to pay a lawyer and if his parents or guardian have not provided a lawyer, one can be provided at no charge;
“(3) that he is not required to say anything and that anything he says may be used against him; and
“(4) if his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so.”
In other words, in addition to establishing the proper warnings required in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the above requirements of Rule 11(A) must also be established.
Because we cannot determine from the record before us whether or not such was considered by the District Court in Morgan County, we therefore remand this cause with directions that a further hearing be held on the issue of the voluntariness of the appellant’s statements and to also determine whether the aforesaid provisions of Rule 11(A) were adhered to at the time of interrogating this appellant.
For the reasons stated, the order of af-firmance of January 8, 1985 is hereby set aside and this cause is remanded with directions that an additional hearing be held as herein set forth.
The District Court shall make a return and record showing the results of this hearing and that the appellant and his attorney were present and allowed to cross-examine the necessary witnesses and to present any evidence as may be required. This hearing shall be transcribed by the court reporter and a complete return filed in this court as soon as practicable.
ORDER OF AFFIRMANCE SET ASIDE; REMANDED WITH DIRECTIONS FOR FURTHER TRANSFER HEARING.
All the Judges concur.