The two appellants were adjudicated juvenile delinquents on August 1, 1985, by the Covington County District Court, sitting as a juvenile court. Each was placed on probation for one (1) year, and their mother ordered to pay restitution. The only issue raised on appeal concerns compliance with Rule 11 (A), Alabama Rules of Juvenile Procedure, and Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The two brothers, aged 11 and 10 at the time, were taken to the Andalusia Police Department for questioning regarding a recent burglary of a local school. The record reflects that the detective attempted to advise the youths of their constitutional rights as follows:
"Q. Tell us what you advised the two boys?
 "A. I advised them that they didn't have to talk to me until they had a lawyer. I knew as young as they was [sic] they probably wouldn't understand their rights. I told them they didn't have to talk to me, that they could have their mother present, so when the mother come [sic] in, or somebody called her, I don't remember how she got to the station, I really don't.
 "Q. They didn't tell you anything incriminating until their mother arrived?
"A. No.
 "Q. Okay, now, tell us again, what happened when their mother did arrive?
 "A. She come into the office and I met her there at the door, at my office door. I told her that we had information that the boys had broke into the school house, and also the possibility that they took a gun out of a truck.
". . . .
"A. And she said that she wanted the truth. *Page 561 
". . . .
 "A. Okay, I told her what we suspected and she said that she wanted to get to the bottom of it. I told her that they did not have to talk to me until a lawyer, she said that was okay, she wanted to know the truth, herself, if they done it, she wanted to know it, and if they did tear up anything, or steal anything, she wanted to pay for it, and find out about it.
 "Q. All right, now, Billy, you didn't read them their Miranda rights per se off the card?
"A. No, sir, I did not.
 "Q. But you told them that they did not have to talk to you?
"A. Until they had a lawyer or their mother present.
 "Q. Okay, all right, did you tell them anything else with regard to their rights?
"A. No, sir."
And again on cross-examination:
"Q. Tell me again what you told these boys?
 "A. That they had a right not to talk to me, they had a right to have a right to have [sic] a lawyer there or their mother, and that is about all I advised them because of their age. So they said they wanted. . . .
"Q. What did they say when you told them that?
"A. They said they wanted their mamma."
Rule 11 (A), Alabama Rules of Juvenile Procedure, provides:
 "(A) When the child is taken into custody he must be informed of the following rights by the person taking him into custody:
"(1) That he has the right to counsel;
 "(2) That if he is unable to pay a lawyer and if his parents or guardian have not provided a lawyer, one can be provided at no charge;
 "(3) That he is not required to say anything and that anything he says may be used against him; and
 "(4) If his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so."
Counsel for appellants argues that the conduct of the investigating officer violated this rule in several respects. It is our duty to measure the evidence against the yardstick of Rule 11 (A). We cannot conclude otherwise that the rule was not complied with. Subparagraph 4 was not complied with to any extent whatever. The Smiths had explicitly requested "their mamma". The record shows that when Mrs. Smith arrived at the station, the detective talked to her out of their presence. According to the investigating officer, Mrs. Smith "said she just wanted the truth and they may talk to me if she wasn't present, more freely." She then waited outside while her sons were interrogated. The record is silent regarding whether she was told that they wanted their mother, and whether they ever knew that their mother was just outside the door to the interrogation room. Even though the testimony was that the mother chose not to talk to the juveniles, the investigator was not free to interrogate the youths, for they
had invoked their right to talk to her. Analogously, if an adult had requested to see his lawyer, but the lawyer said he did not wish to speak to his client and for the police to commence interrogation, the officers could not constitutionally do so. One person cannot waive another's constitutional rights. This rule is highlighted by the officer's testimony in this case that the juveniles had exercised this right by specifically asking to communicate with the parent.
Whether there is a valid waiver depends upon "the totality of the circumstances":
 "This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the *Page 562 
warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights. . . .
 ". . . Where the age and experience of a juvenile indicate that his request for his probation officer or his parents is, in fact, an invocation of his right to remain silent, the totality approach will allow the court the necessary flexibility to take this into account in making a waiver determination." [Emphasis added.]
Fare v. Michael C., 442 U.S. 707, at 725, 99 S.Ct. 2560, at 2572,61 L.Ed.2d 197, at 213 (1979). It is elementary that a valid waiver must be made voluntarily, knowingly, and intelligently. See generally, Ex parte Whisenant, 466 So.2d 1006 (Ala. 1985);Smith v. State, 475 So.2d 633 (Ala.Cr.App. 1985). According to the record before us, the last two elements were not proven by the State. In the detective's own words, "I knew as young as they was [sic] they probably wouldn't understand their rights." The State did not offer evidence to show that the juveniles understood their rights. Neither is there evidence of any semblance of waiver. Therefore, this case is due to be reversed.
REVERSED AND REMANDED
All the Judges concur.