Appellant, Gary Ray Scott a/k/a Gary Ray Bearden, a seventeen-year-old juvenile, was charged by delinquency petition in the Juvenile Court of Blount County, with the capital murder of Gene Thompson. A motion was filed by the State seeking to transfer appellant to the circuit court for prosecution as an adult. After a hearing, conducted in accordance with § 12-15-34, Code of Alabama 1975, the court entered an order certifying appellant as an adult and transferred the case to the circuit court.
On March 31, 1986, the burned body of Gene Thompson was discovered in an isolated area of Blount County. The next day, April 1, 1986, the victim's car was found, burned, in a vacant lot in Birmingham. On April 4, 1986, the victim's wallet was found by a motel employee in a trash bin located at the Quality Inn in Fultondale. On April 7, 1986, appellant turned himself in to the Fultondale Police Department. Subsequently, a sixteen page confession was obtained from appellant in which he gave a detailed account of his involvement with Thompson and the events which led to the murder of Thompson. Appellant contends that the court erred in allowing this confession into evidence at the transfer hearing. Appellant argues, on the authority ofEx parte Whisenant, 466 So.2d 1006 (Ala. 1985), that the confession was not knowingly, intelligently, and voluntarily made, and it was therefore inadmissible in the juvenile transfer hearing.
Whisenant establishes that when a child is taken into custody, he must be informed of his Miranda
rights and, in addition, he must be told that "if his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that if necessary, reasonable means will be provided for him to do so." Id. at 1007. See also Rule 11(A)(4), A.R.J.P. If this warning is omitted, "the use in evidence of any statement given by the child is constitutionally proscribed." Whisenant, 466 So.2d at 1007. The court further held that the "right against self-incrimination protected by the State Constitution with respect to the trial on the merits is the same right that is likewise protected with respect to the transfer hearing."Id. at 1008. It was thus established that the standard for admission of a juvenile's confession is the same at both the transfer hearing and the trial on the merits. See Smithv. State, 475 So.2d 631 (Ala.Cr.App. 1985) (case remanded to district court with directions to conduct a hearing on the voluntariness of the defendant's statements). In determining whether the confession of a juvenile is voluntary, we must review the totality of the circumstances. Fare v. MichaelC., 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979);Smith v. State, 484 So.2d 560 (Ala.Cr.App. 1986). "It is elementary that a valid waiver must be made voluntarily, knowingly, and intelligently." Smith, 484 So.2d at 562.
The evidence presented by the State clearly established that appellant was informed of his rights as set forth inWhisenant, 466 So.2d at 1007. The rights were read to appellant by Deputy Edward Lee of the Cullman County Sheriff's Department, and it appeared that appellant subsequently read them himself. Lee stated that he also "explained" these rights to appellant and that appellant indicated he understood them. Prior to any questioning, appellant told Lee that he was seventeen years old, that he was born March 14, 1969, that he could read and write, and that he had completed *Page 1275 
the ninth grade. After appellant appeared to read the rights contained on a form titled "Alabama Juvenile Miranda," appellant signed the form. The rights contained on the form were read into the record and were in conformance withWhisenant and A.R.J.P. 11(A)(4). No promises, offers of leniency, threats, or intimidation were used in obtaining appellant's cooperation.
Mary Ellen Sweeny, a psychologist employed by the Department of Youth Services, testified that she conducted an evaluation of appellant on or about May 22 or 23, 1986. According to Sweeny, appellant has an I.Q. of 84, which is in the low-average range; he is not mentally retarded; he knows right from wrong; and he understands the nature of the charges against him.
Emanuel Washington, a Jefferson County juvenile probation officer, testified that he had been acquainted with appellant since September 30, 1985, when appellant was placed on juvenile probation, stemming from a first degree theft of property petition. Appellant was discharged from probation on February 10, 1986.
Based on the facts presented at the transfer hearing, we believe that the State established a knowing, intelligent, and voluntary waiver of rights. We base this conclusion on appellant's age, I.Q., former involvement with the criminal justice system, the circumstances surrounding the giving of the rights mandated by Whisenant, and the fact that appellant turned himself in to police authorities. The totality of the circumstances clearly evidence a voluntarily, knowingly, and intelligently made waiver of appellant's rights. There was no error in the court's admission of this confession into evidence.
Appellant next contends that the transfer order does not contain proof that each of the facts enumerated in § 12-15-34, Code of Alabama 1975, was considered by the court when rendering its decision to transfer appellant to the circuit court for trial as an adult. This contention is without merit. The transfer order clearly states that the court considered each of the five factors enumerated in the statute in reaching its decision. The decision to transfer is supported by the record, which clearly shows that the findings of the court, enumerated in the transfer order, were supported by credible evidence.
It has been previously held that "a mere restatement of the factors set out in the statute is sufficient" to meet the requirements of § 12-15-34. Smith v. State,475 So.2d 633, 635 (Ala.Cr.App. 1985) (citing McKinney v.State, 404 So.2d 639 (Ala. 1981)). A reading of the court's findings clearly demonstrates that each of the factors was actually considered in this case. The written order of the juvenile court is in full compliance with § 12-15-34(d). We find no error as alleged by appellant.
Based on the foregoing, the decision of the Blount County Juvenile Court transferring appellant to the Circuit Court of Blount County for trial as an adult is hereby affirmed.
AFFIRMED.
All Judges concur.