This is an appeal from the order of the Juvenile Court of Cullman County transferring nineteen-year-old Gary Ray Scott to the circuit court for prosecution as an adult on a criminal offense involving the capital murder of Gene Alan Thompson.
Scott was originally charged in Blount County. In Scott v.State, 501 So.2d 1273 (Ala.Cr.App. 1986), this Court affirmed the order of the Blount County Juvenile Court transferring the juvenile to the circuit court for prosecution as an adult. In February of 1988, an identical charge was brought against Scott in Cullman County. On March 10, 1988, the indictment in Blount County was nol-prossed and a hearing was held on the State's motion to transfer Scott to the Circuit Court of Cullman County for prosecution as an adult. The Juvenile Court of Cullman County certified Scott as an adult and transferred his case to the circuit court. This appeal is from that order of transfer.
Scott argues that the juvenile court erred in admitting into evidence a confession which was allegedly "tainted" by a prior illegally obtained confession. In Scott, 501 So.2d at 1274-75, this Court found that Scott voluntarily, knowingly, and intelligently waived his constitutional rights and held that there was no error in the admission of his confession into evidence. Scott now argues that the existence of a prior illegal confession was not raised on that appeal.
In Scott, supra, this Court upheld the voluntariness of the sixteen page confession Scott gave beginning at 9:35 on the evening of April 7, 1986, to deputies of the Cullman County Sheriff's Office in the Blount County Courthouse. At the Cullman County transfer hearing, former Cullman County Deputy Sheriff Ed Lee testified that Scott had given a statement to Sergeant Mark Sharp of the Fultondale Police Department on the afternoon of April 7th, and that Sharp had not advised Scott of his "juvenile Miranda rights." Deputy Lee testified that he was not present at any time Scott was present at the Fultondale Police Department. Sergeant Johnny Nesmith of the Alabama Bureau of Investigation testified that he listened to a tape recording of Scott's statement to Officer Sharp and, "according to the tape," Sharp did not advise Scott of his "juvenile Miranda rights."
From the record before this Court, it appears that there may be merit to Scott's argument and that his statement to Officer Sharp was taken in violation of Rule 11(A)(4), A.R.J.P., andEx parte Whisenant, 466 So.2d 1006, 1007 (Ala. 1985), in that Scott was not informed of his right to communicate with his counsel, parent, or guardian. However, the record does not *Page 765 
contain sufficient information for this Court to make that conclusion as a matter of law.
This is a capital case involving a juvenile. "Because all extra-judicial confessions are prima facie involuntary, the State has the burden of proving voluntariness. Ex parteCallahan [471 So.2d 463, 464 (Ala. 1985)]; Magwood v. State
[494 So.2d 124, 135 (Ala.Cr.App. 1985), affirmed, 494 So.2d 154
(Ala.), cert. denied, 479 U.S. 995, 107 S.Ct. 599,93 L.Ed.2d 599 (1986)]." Ex parte Weeks, 531 So.2d 643 (Ala. 1987). For these reasons, we deem it advisable, and it is hereby ordered, that this cause be remanded to the Juvenile Court of Cullman County with directions that that court hold an evidentiary hearing on the circumstances surrounding Scott's statement to Fultondale Police Officer Sharp. If the court finds that Scott was not properly and thoroughly advised of all his rights under Rule 11(A), A.R.J.P., or that his first statement was involuntary for any reason, the court shall then determine whether or not Scott's second statement was tainted. See Oregonv. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222
(1985); Ex parte Callahan, 471 So.2d 463 (Ala. 1985). The juvenile court shall prepare written findings of fact and conclusions of law, which shall be returned to this Court along with a transcript of the evidentiary hearing. The necessity for this action is recognized by the Attorney General. Appellee's brief, p. 19.
REMANDED WITH DIRECTIONS.
All Judges concur.