KENNEDY, Justice.
This is a review of an order transferring a juvenile, W.T.K., to circuit court for prosecution as an adult. 567 So.2d 1375.
The issues are (1) whether W.T.K.’s confession was admissible at a transfer hearing, over an objection that it was the fruit of an unlawful arrest, and (2) whether the complaints filed against W.T.K. were defective.
W.T.K. was in the custody of the Department of Youth Services at the Mt. Meigs campus, when he left the campus without permission on October 17, 1989. That same day, the Department of Youth Services issued a “pickup order” for W.T.K. to all Alabama law enforcement officers.
On October 17, 18, and 19, a series of crimes occurred in Montgomery County involving the burglary of three houses and the shooting death of Helen Rhodes. W.T.K. was taken into custody on October 19, 1989. W.T.K., who was 17 years old at the time, was advised of his rights pursuant to 11(A), A.R.Juv.P. W.T.K. expressly waived his rights and gave Montgomery County Sheriff’s Department investigators a statement in which he admitted committing these crimes.
Six petitions were then filed against W.T.K. charging him with capital murder, third degree burglary, two counts of first degree burglary, and two counts of second degree theft. The State filed a motion to transfer W.T.K. to circuit court for prosecution as an adult.
A transfer hearing was held on November 17, 1989. At the hearing, the State offered the statement made by W.T.K. in order to prove that there was probable cause to believe the allegations in the petitions. W.T.K. objected to the admission of the statement on the grounds that the statement was the fruit of an unlawful arrest and that, therefore, the statement was inadmissible. He also argued that the State had the burden of proving that there had been a lawful arrest.
The juvenile court requested briefs from both parties on the issue of whether W.T.K.’s statement was admissible at a transfer hearing to prove probable cause. The court ruled that it was. The court held that, based on the statement and the testimony from the transfer hearing, there was probable cause to transfer W.T.K. to the circuit court. On appeal from the petition to transfer, the Court of Criminal Appeals affirmed.
At the outset, we note that a transfer hearing is a “ ‘critically important’ proceeding” in juvenile criminal procedure. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). A transfer hearing “must measure up to the essentials of due process and fair treatment.” Kent, 383 U.S. at 562, 86 S.Ct. at 1057.
A transfer hearing is not designed to determine the guilt or innocence of the juvenile accused of the crime, but is, instead, a probable cause hearing to determine whether the juvenile should be transferred out of the juvenile court for criminal prosecution as an adult. Ex parte Whisenant, 466 So.2d 1006 (Ala.), on remand, Whisenant v. State, 466 So.2d 1013 (Ala.Cr.App.1985). Probable cause, in the context of a transfer hearing, is defined as that which would warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the juvenile in question is the offender. Bragg v. State, 416 So.2d 715 (Ala.1982).
In transfer hearings, greater latitude is permitted in admitting evidence than would be allowed in a criminal prosecution. Gulledge v. State, 419 So.2d 219 (Ala.1982) (hearsay evidence was admissible to show probable cause in transfer hearing). However, in Ex parte Whisenant, 466 So.2d 1006 (Ala.1985), the Court *852 found that the juvenile’s confession was not knowingly, intelligently, and voluntarily made and that it was therefore inadmissible in the juvenile transfer hearing. Ex parte Whisenant requires that when a juvenile is taken into custody, he must be informed of his rights pursuant to Rule 11(A), A.R.Juv.P. Those rights include his Miranda rights and the right to be informed that “if his counsel, parent, or guardian is not present, [then] he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so.” Rule 11(A)(4).
In Scott v. State, 501 So.2d 1273 (Ala.Cr.App.1986), the juvenile was informed of his rights as set forth in Whisenant. The Court of Criminal Appeals found his confession voluntary for Fifth Amendment purposes and found that the confession was admissible to prove probable cause in a transfer hearing. See also Smith v. State, 475 So.2d 633 (Ala.Cr.App.1985).
In the instant case, W.T.K. was informed of his rights under Rule 11(A), A.RJuv.P. W.T.K. voluntarily waived those rights and confessed to the crimes. However, W.T.K. objected to the use of the confession at the transfer hearing not because it violated the privilege against self-incrimination, but because the confession was a product of an illegal arrest. Thus, the argument here does not involve the Fifth Amendment, but the Fourth Amendment to the United States Constitution and Art. I, § 5, of the Alabama Constitution, which protect against illegal searches and seizures.
A confession obtained as a result of an illegal arrest is inadmissible. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); Taylor v. Alabama, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982). The State bears the burden of proving that a confession is admissible as a product of a lawful arrest. Id.
In Brown, the defendant filed a pretrial motion to suppress statements he had made after an illegal arrest. The Court found that the confession should have been excluded from the evidence as the fruit of an illegal arrest. Specifically, the Supreme Court stated that “the exclusionary rule of the Fourth Amendment serves interests and policies that are distinct from those it serves under the Fifth. It is directed at all unlawful searches and seizures, and not merely those that happen to produce incriminating material or testimony as fruits. In short, exclusion of a confession made without Miranda warnings might be regarded as necessary to effectuate the Fifth Amendment, but it would not be sufficient fully to protect the Fourth.” 422 U.S. at 601, 95 S.Ct. at 2260.
In Taylor, the illegality of the initial arrest was not cured by the fact that the confession may have been “voluntary” for Fifth Amendment purposes simply because Miranda warnings were given before the confession was made.
In Alabama, a confession obtained as a result of an illegal arrest is inadmissible as a violation of the Fourth Amendment and also as a violation of Art. I, § 5, of the Alabama Constitution. Crittenden v. State, 476 So.2d 626 (Ala.Cr.App.1983), aff’d, 476 So.2d 632 (Ala.1985). The burden is on the State to prove that a challenged arrest was lawful. Ex parte Brownlee, 535 So.2d 218 (Ala.1988), citing Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965).
Section 12-15-66(b), Alabama Code 1975, states:
“An extrajudicial statement which would be constitutionally inadmissible in a criminal proceeding shall not be received in evidence over objection. Evidence illegally seized or obtained shall not be received in evidence over objection to establish the allegations against him. An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.”
Section 12-15-66(b) has been interpreted to mean that before evidence can be properly introduced, over objection, it must be shown that the evidence was constitutionally obtained. Ash v. State, 424 So.2d 1381 *853 (Ala.Cr.App.1982). In Ash, there was no evidence that the defendant’s confession was improperly induced and therefore it was admissible. A juvenile’s statement, which was unconstitutionally obtained, was inadmissible in Ex parte Whisenant. As we stated earlier, this Court held in Ex parte Whisenant that the defendant’s statement was not admissible in a probable cause hearing to determine whether the juvenile should be transferred to circuit court and tried as an adult. Although the purpose of a transfer hearing is not to determine innocence or guilt and strict rules of evidence do not apply, the proposition that a determination of the constitutionality of a child’s statement is inappropriate at a transfer hearing “overlooks an essential element in the nature of the evidence in question.” 466 So.2d at 1008. “To relax the strict rules of evidence for purposes of the transfer hearing, when its application is restricted to matters ordinarily governed by the rules of evidence, is one thing; but to carry its application to the extent of allowing the admission of an otherwise inadmissible statement of the accused is constitutionally impermissible.” Id.
Although Whisenant dealt with Fifth Amendment rights, a juvenile’s Fourth Amendment rights should be given the same protection at transfer hearings. It is particularly important to protect a juvenile’s constitutional rights at a transfer hearing. To transfer a juvenile and subject him to adult treatment without protecting his constitutional rights is impermissible. See § 12-15-66(b), Ala.Code 1975. Although a transfer hearing is in the nature of a probable cause hearing, certain protections must be afforded the juvenile, including protecting him from unreasonable searches and seizures.
The second issue in this case involves the six complaints filed against W.T.K. by the arresting officers. Section 12-15-50, Alabama Code 1975, provides that juvenile court cases be initiated by the filing of a petition by the juvenile intake officer after that officer has received a verified complaint. W.T.K. argues that the complaints against him were defective and, therefore, that the petitions based upon the complaints were also defective. W.T.K. then argues that because the petitions were defective, the juvenile court did not have jurisdiction over him, which is required under § 12-15-30, Ala.Code 1975.
The alleged defects were as follows: In case JU-89-1840.01 (capital murder) the complaint was unsigned; in JU-89-1840.02 (third degree escape), the complaint was signed only by the juvenile intake officer and not by the arresting officer. The complaint was properly signed in JU-89-1840.03 (first degree burglary) and JU-89-1840.04 (second degree theft), but those two complaints were combined on one form. There were no complaints filed for JU-89-1840.05 (first degree burglary) and JU-89-1840.06 (second degree theft). We are aware that each of the criminal charges was supported by a signed affidavit and that all six petitions were properly signed and verified.
In Shedd v. State, 505 So.2d 1306 (Ala.Cr.App.1987), the Court of Criminal Appeals held that the form of a petition is governed by § 12-15-52, Ala.Code 1975, and that Rule 12, A.R.Juv.P., governs the initiation of cases. That court also held that a complaint in a juvenile matter is not governed by the Code of Alabama or by the A.R.Juv.P. We conclude that those holdings were correct.
“In this ease, the juvenile court acquired jurisdiction when the intake officer filed the verified petition. Rule 12(C)(2), A.R.J.P.” Shedd, 505 So.2d at 1307. In the instant case, we agree with the Court of Criminal Appeals that the complaints do not have to be verified. In order for the court to have jurisdiction, only the petitions need be verified. We find that the juvenile court obtained exclusive original jurisdiction when the verified petitions were filed with the juvenile court by the juvenile intake officer.
Because of our holding as to the first issue, the order transferring W.T.K. to circuit court is due to be set aside. This case is due to be remanded to the juvenile court for proceedings consistent with this opin *854 ion. If the State should offer W.T.K. s statement to prove probable cause at the transfer hearing and it is challenged, the State has the burden of proving that the juvenile’s arrest was lawful under the Fourth Amendment to the United States Constitution and Art. I, § 5, of the Alabama Constitution.
REVERSED AND REMANDED.
SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.