TAYLOR, Judge.
The appellant, B.T.K., appeals from his adjudication as a juvenile delinquent. The underlying offense on the appellant’s charge of delinquency is theft of property in the first degree. The appellant was adjudicated guilty by the juvenile court and was committed to the Alabama Department of Youth Services.
On appeal, the appellant maintains that the trial court erred in allowing an incriminating statement he made to be received into evidence. The appellant argues that his arrest was illegal and that any statements obtained after his arrest should have been excluded.
The record reflects that the appellant challenged the admittance of his statement at the hearing by arguing that it was obtained as a result of an illegal arrest. However, there is absolutely no testimony in the record concerning the facts surrounding the arrest of the appellant.
The appellant cites the case of Ex parte W.T.K., 586 So.2d 850 (Ala.1991), for this contention that his case should be reversed.
Our Supreme Court in W.T.K., stated:
“In Alabama, a confession obtained as a result of an illegal arrest is inadmissible as a violation of the Fourth Amendment and also as a violation of Art. I, § 5, of the Alabama Constitution. The burden is on the State to prove that a challenged arrest was lawful.
“Section 12-15-66(b), Alabama Code 1975, states:
“ ‘An extrajudicial statement which would be constitutionally inadmissible in a criminal proceeding shall not be received in evidence over objection. Evidence illegally seized or obtained shall not be received in evidence over objection to establish the allegations against him. An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.’ ”
586 So.2d at 852.
The Alabama Supreme Court held in W.T.K. that a juvenile’s statement illegally obtained is not admissible at the juvenile’s transfer hearing. We apply this same principle to juvenile delinquency hearings. Thus, in accord with the Supreme Court’s holding in W.T.K., the judgment of the Juvenile Court for Madison County is reversed and the case remanded to that court to hold a new delinquency hearing. If the prosecution at that time introduces the appellant’s statement and the appellant challenges it on the grounds that his arrest was illegal, the prosecution then has the burden to prove that appellant’s arrest was lawful.
REVERSED AND REMANDED.
All the Judges concur.