TAYLOR, Judge.
The appellant, W.T.K., was charged with the capital murder of Helen Rhodes, escape in the third degree, two counts of first degree burglary, and two counts of second degree theft. The state filed a motion requesting that the appellant be transferred to the Circuit Court for Montgomery County to be tried as an adult. The juvenile court granted the petition, and we affirmed, without opinion, the order of transfer. W.T.K. v. State, 567 So.2d 1375 (Ala.Cr.App.1990). The Alabama Supreme Court reversed the judgment and ordered that a new transfer hearing be held. Ex parte W.T.K., 586 So.2d 850 (Ala.1991). The Supreme Court stated that the record contained no evidence surrounding the circumstances of appellant’s arrest. The appellant contended that the statement made to police should have been suppressed because it was the product of an illegal arrest. The judgment was reversed and the cause remanded with instructions that if the state sought to offer the statement into evidence, the state would have the burden of proving that the appellant’s arrest was lawful.
I
The appellant initially argues both in his original brief and his reply brief that he was subjected to double jeopardy when the court postponed the transfer hearing for nine days. The record reflects that on October 8, 1991, pursuant to the Supreme Court instructions, the juvenile court convened to hear appellant’s case. There ap *35 pears to be some confusion in the record concerning the Supreme Court’s instructions. At this second transfer hearing, the state attempted to introduce the complete transcript of the initial hearing. The trial court would not receive the transcript into evidence because the Supreme Court’s opinion mandated that a new hearing be held. The trial court thereupon continued the case so that the state could obtain its witnesses. We find no legitimate double jeopardy issue in this fact situation.
“Jeopardy does not attach in a transfer hearing where there was no adjudicatory finding that the juvenile was delinquent or had actually violated a criminal law. Breed v. Jones, 421 U.S. 519, 538, 95 S.Ct. 1779, 1790, 44 L.Ed.2d 346 (1975); Boyd v. State, 341 So.2d 680, 683 (Ala.1976); Smith v. State, 368 So.2d 298, 301 (Ala.Cr.App.1978), cert. quashed, Ex parte Smith, 368 So.2d 305 (Ala.1979).”
Cruse v. State, 489 So.2d 694, 696 (Ala.Cr.App.1986). See also Annot., 5 A.L.R. 4th 234 (1981).
II
The appellant also argues that the trial court erred in allowing his confession to be received into evidence. Specifically, he maintains that the state should not have been allowed to produce evidence of his arrest in any subsequent hearing when the state failed to do so in the initial transfer hearing.
Before the Alabama Supreme Court’s ruling on this case, the strict rules of evidence did not apply to juvenile transfer hearings. See Gulledge v. State, 419 So.2d 219 (Ala.1982); Spellman v. State, 469 So.2d 695 (Ala.Cr.App.1985). However, this proposition had been narrowed so as to exclude confessions that where not knowingly, intelligently, and voluntarily made. Ex parte Whisenant, 466 So.2d 1006 (Ala.1985); Ex parte W.T.K., supra. In Ex parte W.T.K., the Alabama Supreme Court addressed an argument which did not involve the “Fifth Amendment, but the Fourth Amendment to the United States Constitution and Art. I, § 5, of the Alabama Constitution, which protect[s] against illegal searches and seizures.” Ex parte W.T.K., 586 So.2d at 852. Essentially, the Supreme Court expanded the law as it applies to the admittance of juvenile confessions.
The appellant maintains that his constitutional right against double jeopardy was violated. The double jeopardy clause did not prevent the Supreme Court from remanding this case for another transfer hearing, because as we found in Part I, jeopardy did not attach.
Ill
The appellant next contends that there was insufficient evidence to establish probable cause to transfer him to the circuit court for trial as an adult regarding the capital murder of Helen Rhodes. The appellant does not question the transfer as to the other crimes he was charged with. The appellant maintains that the only evidence that showed that he murdered Helen Rhodes was the uncorroborated confession he made to police. As the appellant correctly argues, “An extrajudicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.” Section 12 — 15—66(b), Code of Alabama 1975. (Emphasis added.)
The appellant’s confession, which was received into evidence, stated that he entered the victim’s home and was in there several minutes when the victim drove up in her car. She got out of her car and was carrying, he thought, two bags of groceries. He waited for the woman to enter the house. When the victim entered the room where he was, he looked at her, turned a gun on her, and shot her. When she attempted to get up, he shot her again. After the shooting, the appellant took the victim’s car keys and drove away in her car.
Officer Loebler, of the Birmingham Police Department, testified that a “BOLO bulletin” (be on the lookout) was issued for *36 the appellant.[1] A description of the victim’s car and the clothes he was wearing was broadcast to police. Officer Loebler was on routine patrol on the morning of October 19, 1989, when she spotted a car matching the description of and with the same tag number as the one the BOLO indicated the appellant would be driving. Backup support having been requested Officer Loebler approached the car and saw the appellant asleep in the back seat. When she told him to get out of the vehicle, Loebler saw that he was wearing a ladies watch on his belt. A search of the car also revealed four guns. Several guns had been taken in a burglary for which the appellant was charged.
As Judge Bowen stated in Whisenant v. State, 466 So.2d 995, 999 (Ala.Cr.App.1984), rev’d based on the voluntariness of the confession, 466 So.2d 1006 (Ala.1985):
“Here as in Ash v. State, 424 So.2d 1381, 1387 (Ala.Cr.App.1982), the juvenile’s confession was ‘self-verifying and corroborated by the physical details of the crime itself and the location of the (victim’s) body. The circumstances of the homicide are such that only the perpetrator would have had knowledge of the details of the crime.’ In such a situation, probable cause to believe that the juvenile committed the crimes alleged in the petition is not supplied solely by the juvenile’s uncorroborated confession.”
Only the appellant would have knowledge of the “location of the stolen property,” in this case, the victim’s car. Chambers v. State, 497 So.2d 607, 611 (Ala.Cr.App.1986). See also C.C. v. State, 586 So.2d 1018 (Ala.Cr.App.1991). The discovery of the car itself and the stolen goods in the car furnished further corroboration. The confession was self-verifying and was also corroborated at the transfer hearing. The evidence was sufficient and established probable cause to transfer the appellant.
“ ‘Because a transfer hearing involves probable cause and not guilt or innocence, the strict standard of proof beyond a reasonable doubt does not apply. Brown v. State, 353 So.2d 1384 (Ala.1977). ‘The only standard which must be met is whether a reasonable man would believe the crime occurred and that the defendant committed it.’ ”
Slaton v. State, 555 So.2d 814, 815 (Ala.Cr.App.1989), quoting Ash v. State, 424 So.2d 1381, 1383 (Ala.Cr.App.1982). (Emphasis added.)
IV
The appellant further contends his statement was not voluntary because he was not immediately taken to a juvenile facility as required by § 12-15-58, Code of Alabama 1975. That Code section states in pertinent part:
(a) A person taking a child into custody shall, with all possible speed, and in accordance with the provisions of this chapter and the rules of court pursuant thereto:
[[Image here]]
“(3) Bring the child, if not released, to the intake office of probation services or deliver the child to a place of detention or shelter care designated by the court....”
In the instant case, the offenses occurred in Montgomery. The appellant was arrested in Birmingham. Officer Loebler took the appellant to the Birmingham police station, where he was questioned. He was arrested around 3:00 a.m. on October 19, 1989, and was released to a Montgomery County Sheriff Deputy at approximately 8:00 a.m. that same morning. As this court stated in Chambers, 497 So.2d at 610:
“ ‘[Njothing in Code 1975, § 12-15-58 et seq., precludes the transport of an arrested juvenile to a police department first before transfer to a juvenile facility.’ Ex parte Talley, 483 So.2d 1372 (Ala.1986). ‘Alabama has no prohibition against a law enforcement officer arresting a juvenile for a delinquent act and taking the juvenile to the police station *37 before the juvenile is either released or taken to probation services or an authorized detention facility.’ Talley v. State, 483 So.2d 1369, 1371 (Ala.Cr.App.1985), cert. quashed, Ex parte Talley, 483 So.2d 1372 (Ala.1986). ‘We do not think that the purpose of the “with all possible speed” requirement of Section 12-15-58 is to immunize juveniles from police investigation and interrogation or erect a shield between minors and law enforcement officers.’ Whisenant, 466 So.2d at 1005.”
“Even if the police failed to act with ‘all possible speed’ in delivering [the appellant] to the juvenile authorities, his confession was properly admitted in the transfer hearing.” Whisenant, 466 So.2d at 1005.
V
The appellant next contends that the trial court erred in allowing his confession to be received into evidence because the rights form which the officer used did not conform to Rule 11(A), A.R.Juv.P. This rule states:
“(A) When the child is taken into custody, he must be informed of the following rights by the person taking him into custody:
“(1) that he has the right to counsel; “(2) that if he is unable to pay a lawyer and if his parents or guardian have not provided a lawyer, one can be provided at no charge;
“(3) that he is not required to say anything and that anything he says may be used against him; and
“(4) if his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so.”
Officer Loebler testified that she did read the appellant his juvenile rights after he was brought to the station. She stated that she informed the appellant of the following rights:
“Number one, you have the right to remain silent.
“Number two, anything you say can and will be used against you in a court of law.
“Number three, you have the right to talk to a lawyer and have him present while you are being questioned.
“Number four, if you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish one.
“Number five, if you wish to answer any questions now without a lawyer present; you still have the right to stop answering at any time.
“Number six, it is not necessary that you answer questions posed by a detective or any other Birmingham Police Department official prior to having your bond set by the Court.
“Number seven, you have the right to talk to your parent or guardian or have them present during the answering of any questions being asked by police or law enforcement official.”
An examination of each set of rights shows that the rights specifically provided in Rule 11(A) were read to the appellant. The appellant contends that the statement of his rights that he was read was erroneous because it did not say that reasonable means would be taken to provide the appellant with the opportunity to talk with his parents. This court in M.B.M. v. State, 563 So.2d 5 (Ala.Cr.App.1989), dealt with a similar issue when determining whether a confession was voluntary on the grounds that the defendant was not told that reasonable means would be provided to afford him the opportunity to communicate with his parents. We stated in M.B.M. that the confession was not rendered involuntary by the fact that the rights read to the defendant did not include the phrase “reasonable means will be provided.” Likewise, the rights read to the appellant were not deficient because they failed to include the phrase “reasonable means.”
VI
The appellant further contends that Rule 11(A), A.R.Juv.P., makes it mandatory that a parent be contacted prior to any question *38 ing. However, this court has held that a juvenile may waive the right to speak with a parent or relation prior to questioning. O.M. v. State, 595 So.2d 514 (Ala.Cr.App.1991); supra. In this case it is clear that the appellant waived this right.
YII
The appellant next contends that the trial court erred in allowing Officer Loebler to testify to the information she received concerning the BOLO issued on the appellant. The appellant maintains that his right to confrontation was violated. We do not agree.
“The defendant’s Sixth Amendment right of confrontation ... limits the prosecution’s use of statements of persons who do not testify at trial and therefore cannot be cross-examined. Such statements, when offered for their truth, ordinarily constitute hearsay.... The crucial question under the confrontation clause is not compliance with common law hearsay rules, but fulfillment of the ‘mission of the confrontation clause to advance the accuracy of the truth determining process * * * by assuring that the trier of fact has a satisfactory basis for evaluating the truth of a prior statement.’ ”
LaFave, Criminal Procedure § 23.3(d) (1984). (Emphasis added.) See also Williams v. State, [Ms. 89-633, September 20, 1991], 1991 WL 197836 (Ala.Cr.App.1991).
In this case, the testimony received by Officer Loebler was offered to show the reasons for her actions rather than to establish the truth of the matters testified to; it was not hearsay. The appellant took the witness on voir dire examination several times during her testimony. No violation of the confrontation clause or resulting reversible error occurred here. Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).
VIII
The appellant next argues that the trial court applied the wrong standard of proof at the dispositional phase of the proceedings. Specifically, the appellant maintains that the trial court did not apply the additional standard of “clear and convincing evidence” when considering the six factors enumerated in § 12-15-34, Code of Alabama 1975. This position was amended by Judge Bowen in O.M., supra, voicing approval of the position taken of Justice Kennedy’s dissent in Ex parte J.R., 582 So.2d 444, 447 (Ala.), cert. denied, Robinson v. Alabama, — U.S. -, 112 S.Ct. 122, 116 L.Ed.2d 90 (1991). Justice Kennedy stated: “[A]n appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.” (Emphasis added.) This standard only applies to the “dispositional hearing.”
In this case, there is no evidence in the record that the trial court applied the wrong standard. A review of the evidence presented supports a finding on the standard of “clear and convincing.”
IX
The appellant raises several other contention’s which we have reviewed and find to be factually incorrect.
For the foregoing reasons, the order transferring the appellant to the Circuit Court for Montgomery County is due to be affirmed.
AFFIRMED.
All the Judges concur.

. The appellant had escaped from the Mt. Meigs Facility for Juvenile Offenders before allegedly committing the crimes charged.