TAYLOR, Judge.
The appellant, C.T., a juvenile, appeals the transfer of his case from juvenile court to the Circuit Court for Jefferson County. The appellant is charged with capital murder and attempted murder. The appellant contends that the court erred in receiving his confession into evidence at the transfer hearing and in transferring his case from juvenile court to circuit court.
I
The appellant contends that his confession was not given “voluntarily, intelligently or knowingly.” For a confession to be received into evidence at a transfer hearing, it must be voluntarily, intelligently, and knowingly made. Ex parte W.T.K., 586 So.2d 850 (Ala.1991).
“Ex parte Whisenant, [466 So.2d 1006 (Ala.1985) ] requires that when a juvenile is taken into custody, he must be informed of his rights pursuant to Rule 11(A), A.R.Juv.P. Those rights include his Miranda rights and the right to be informed that ‘if his counsel, parent, or guardian is not present, [then] he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so.’ Rule 11(A)(4).”
Ex parte W.T.K., 586 So.2d at 852. “In determining whether the confession of a juvenile is voluntary, we must review the totality of the circumstances.” Scott v. State, 501 So.2d 1273, 1274 (Ala.Cr.App. 1986).
Lieutenant Anthony Bellanca of the Bessemer Police Department questioned the appellant in the presence of Sergeant R.E. Miller. Lt. Bellanca read the appellant his rights from a “juvenile rights” waiver form. The appellant, after reading his rights, signed a written waiver of those rights before he made the statement to the police.
The police officers testified that the appellant seemed alert and did not appear to be under the influence of drugs or alcohol at the time he made the statement. He did not request or indicate in any way that he wanted to contact a parent or an attorney. The officers did not threaten or harm the appellant in any way nor did they promise him anything if he made a statement.
Looking at the circumstances in their entirety, we find that the appellant volun *1257 tarily, knowingly, and intelligently confessed to the crimes for which he is charged. The court did not err in receiving the appellant’s confession into evidence at his transfer hearing.
II
The appellant contends that the court erred in transferring his case to circuit court. The appellant, however, does not offer any support for this contention. The only argument that the appellant makes in his brief to this court is that his confession should not have been received into evidence.
In determining whether to transfer a case to circuit court, the juvenile court must consider the following factors:
“(1) The nature of the present alleged offense;
“(2) The extent and nature of the child’s prior delinquency record;
“(3) The nature of past treatment efforts and the nature of the child’s response to such efforts;
“(4) Demeanor;
“(5) The extent and nature of the child’s physical and mental maturity; and
“(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.”
Section 12 — 15—34(d), Code of Alabama 1975.
The record shows that the court considered the evidence relevant to all of the above factors and concluded that the appellant should be transferred to adult status. After reviewing the record, we find no error in the court’s granting the state’s motion to transfer this case to the Circuit Court for Jefferson County.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.