TAYLOR, Judge.
The appellant, J.S.A.,[1] a juvenile, was charged in a delinquency petition with shooting and killing Timothy D. Bowen, in violation of § 13A-6-2, Code of Alabama 1975. The state filed a petition to transfer the appellant’s case to the Circuit Court for Mobile County so that the appellant could be tried as an adult. The court granted the state's petition. The current appeal is from the court’s transfer order.
The appellant contends that the trial court erred in transferring him to circuit court for trial as an adult. Specifically, he argues that there was not sufficient probable cause to show that he committed the crime of murder and that it was not in his best interest to transfer him to circuit court.
The evidence presented at the transfer hearing tended to show that there were three witnesses present at the scene of the shooting. While there were some inconsistencies in their testimony, the material facts set forth do not differ significantly. On the day in question, Bowen and a young friend, J.W.K., were riding in Bowen’s car. A green Buick automobile in which the appellant and two other people were riding passed them going in the opposite direction. Bowen stopped his car and turned around to follow the appellant. Bowen told J.W.K. that the driver of the other car had “flipped him off” with an obscene hand gesture. Bowen pulled up behind the appellant’s car, which had stopped, and stopped. Both Bowen, J.W.K., and the appellant exited their cars. The appellant pointed a pistol at Bowen and J.W.K. and said, “Don’t make me shoot you.” J.W.K. testified that both he and Bowen said, “Look, just put the gun up. It’s no big deal. Don’t worry about it.” The appellant did not respond, but kept pointing the gun at Bowen and J.W.K. Bowen approached the appellant, and again said, “Look, just put the gun up. It’s no big deal.” The appellant then lowered the gun and walked quickly around the front of his car, and Bowen followed him. The appellant and Bowen began fighting, and they fell to the ground. J.W.K. testified that the appellant fired the pistol at least four times. However, six 9mm shell casings were later recovered from the scene. Bowen was shot three times, twice in the abdomen, and once in the shoulder. The appellant then got back into his car and drove off. The appellant later turned himself in. *1290 Bowen died as a result of the wounds he sustained.
Transfer hearings are divided into two phases, a probable cause phase and a dispositional phase. During the probable cause phase, the juvenile court determines whether there is probable cause to believe that the juvenile committed the alleged crime. During the dispositional phase, the juvenile court determines whether it is in the best interest of the child or the public to transfer the child to the circuit court to stand trial as an adult. § 12-15-34, Code of Alabama 1975. See A.M. v. State, [Ms. 91-1002, December 30, 1992], 1992 WL 387146 (Ala.Cr.App.1992).
“[A] transfer hearing is not a hearing to adjudicate the guilt or innocence of the accused, but instead is a probable cause hearing, to determine whether the juvenile should be transferred out of the juvenile court for prosecution as an adult.” W.M. v. State, 607 So.2d 1303, 1304-05 (Ala.Cr. App.1992). See also Ex parte W.T.K., 586 So.2d 850 (Ala.1991); Smith v. State, 475 So.2d 633 (Ala.Cr.App.1985). With respect to a finding of probable cause, the Alabama Supreme Court held in Duncan v. State, 394 So.2d 930 (Ala.1981):
“Since the purpose of a hearing of this type is not to determine the guilt or innocence, the strict standard of proof beyond a reasonable doubt has been held not to apply. Brown [v. Alabama, 353 So.2d 1384 (Ala.1978)]. The only standard which must be met is whether a reasonable man would believe the crime occurred and that the defendant committed it. This court has further held that we will not interfere with a lower court’s order transferring a juvenile to circuit court unless that order is clearly erroneous. Williams v. State, Ala., 361 So.2d 1157 (1978).”
Duncan, 394 So.2d at 932. (Emphasis added.) See also Slaton v. State, 555 So.2d 814 (Ala.Cr.App.1989).
Applying this standard to the probable cause phase of the transfer hearing, we find that the trial court’s finding of probable cause is not “clearly erroneous.” It is hard to imagine stronger evidence. Three eyewitnesses testified that the appellant was pointing a pistol at the victim and that during a fight between the appellant and the victim, the victim was shot three times. The question of whether the appellant committed the crime of murder, some lesser included offense, or was acting in self-defense, is for a trier of fact to decide.
The appellant also questions the court's decision, in the dispositional phase of the hearing, to transfer him to circuit court. In making its decision, the trial court must consider the factors enumerated in § 12-15-34(d), Code of Alabama 1975, which states:
“(d) Evidence of the following and other relevant factors shall be considered in determining whether the motion shall be granted:
“(1) The nature of the present alleged offense;
“(2) The extent and nature of the child’s prior delinquency record;
“(3) The nature of past treatment efforts and the nature of the child’s response to such efforts;
“(4) Demeanor;
“(5) The extent and nature of the child’s physical and mental maturity; and
“(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.”
Section 12-15-34(d) compels the consideration of each of the six factors listed. Jelks v. State, 522 So.2d 11 (Ala.Cr. App.1988). However, the weight to be given to each of those factors, in balancing the interests of the juvenile and society, is left to the discretion of the juvenile court judge. Palmer v. State, 485 So.2d 1247 (Ala.Cr .App.1986).
“[T]he weighing of the six statutory factors and other considerations in determining whether a juvenile should be transferred from the juvenile court to the circuit court for criminal prosecution as an adult does not involve ‘a mere tallying of the circumstances for the purpose of numerical comparison’.... *1291 Rather, it is a balancing and weighing process wherein one statutory factor may outweigh the remaining five statutory factors.”
N.D.T. v. State, 592 So.2d 647, 650 (Ala.Cr. App.1991). The juvenile court need not make a specific finding as to each of the six factors to be considered under § 12-15-34(d), but his order must contain some statement that all the factors were considered, in order that the appellate courts can make a determination that the statutory requirements have been met. Taylor v. State, 507 So.2d 1034 (Ala.Cr.App.1987). If the transferring court states that all six factors of § 12-15-34(d) have been considered, then its order complies with the law. C.C. v. State, 586 So.2d 1018 (Ala.Cr.App. 1991).
The dispositional phase of the transfer hearing is controlled by a more rigid “clear and convincing” standard of proof. W.T.K. v. State, 598 So.2d 33 (Ala.Cr.App. 1992), cert. denied, — U.S.-, 113 S.Ct. 173, 121 L.Ed.2d 120 (1992). Judge Bowen, speaking for this court in O.M. v. State, 595 So.2d 514 (Ala.Cr.App.1991), writ quashed, 595 So.2d 528 (1992), adopted the position taken by Justice Kennedy’s dissenting opinion in Ex parte J.R., 582 So.2d 444 (Ala.), cert, denied, — U.S.-, 112 S.Ct. 122, 116 L.Ed.2d 90 (1991). Justice Kennedy’s dissenting opinion interpreted § 12-15-34, Code of Alabama 1975, to require “clear and convincing evidence” to support the transfer of a juvenile to circuit court for prosecution as an adult. The dissenting opinion stated:
“[A]n appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.”
582 So.2d at 447.
“ ‘Clear and convincing evidence is most easily defined as the evidentiary standard that lies somewhere between a preponderance of evidence and evidence probative beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 423-24, 99 S.Ct. 1804, 1807-08, 60 L.Ed.2d 323 (1979).’ Matter of K.A., 484 A.2d 992, 995 (D.C.App.1984). See generally 9 J. Wigmore, Evidence § 2498 (Chad: bourn rev. 1981); E. Cleary, McCormick on Evidence § 340 (3d ed. 1984); 32A C.J.S. Evidence § 1023 (1964). The standard has been explained as that evidence that convinces the trier of fact that a proposition is ‘highly probable,’ as distinguished from ‘more probable than not.’ McBaine, Burden of Proof: Degrees of Belief, 32 Calif.L.Rev. 242, 253-54 (1944).”
D.D.P. v. State, 595 So.2d 528, 538 (Ala.Cr. App.1991).
The juvenile court reviewed a considerable amount of evidence, including testimony from the eyewitnesses to the shooting, the investigating police officers, the appellant’s probation officer, the psychologist who examined the appellant, and several character witnesses. The court’s transfer order indicates that the court considered all the factors enumerated in § 12-15 — 34(d), Code of Alabama 1975, in reaching its determination that it would be in the best interest of the appellant or the public to transfer the appellant to circuit court.
Having reviewed the circumstances of this case and the juvenile court’s order under the “clear and convincing” standard of proof, we conclude that there was no error in the order transferring the appellant to circuit court to stand trial as an adult. O.M., supra.
The order of the juvenile court transferring this cause to the Circuit Court for Mobile County is due to be affirmed.
AFFIRMED.
All the Judges concur.

. The anonymity of the appellant is being preserved in accordance with Rule 52, A.R.App.P.