615 So.2d 1327 (1993)
D.R.H.
v.
STATE.
CR-92-53.
Court of Criminal Appeals of Alabama.
February 12, 1993.
Rehearing Denied March 26, 1993.
*1328 Billy C. Jewell, Bessemer, for appellant.
James H. Evans, Atty. Gen., and Jack Willis, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
D.R.H. appeals from the order of the juvenile court transferring him to circuit court for prosecution as an adult on charges of aiding and abetting a capital murder.
The evidence presented at the transfer hearing tended to show that on May 15, 1992, the appellant and four other juveniles robbed Bill's Farmhouse Restaurant in Hueytown, Alabama. During the robbery, one of the juveniles shot Mr. William Wesson with a pistol and Mr. Wesson died as a result of his injuries.
The police, relying on a tip from an informant, went to Ensley High School on June 23, 1992, and questioned A.M., a juvenile co-defendant in this case. Based on their questioning of A.M., the police arrested A.M. and two other juveniles at the schoolD.R.H., the appellant in this case, and N.W., another co-defendant.
After his arrest and after his rights had been explained to him, the appellant made a recorded statement in which he admitted to participating in the robbery. He denied, however, any knowledge of the killing. He stated that all he did was take the money and that he was not armed.
A witness at the transfer hearing testified that the appellant and the other co-defendants borrowed his car the night of the robbery and killing and that the appellant was driving the car the last time he saw them.

I
The appellant argues that the juvenile court abused its discretion in transferring him to circuit court to be tried as an adult. A transfer hearing is composed of *1329 two parts: a probable cause phase and a dispositional phase. In order to find probable cause at the initial phase, the court must find that "a reasonable man would believe the crime occurred and that the defendant committed it." Duncan v. State, 394 So.2d 930, 932 (Ala.1981). From the appellant's statement that he was involved in the robbery and from the witness's statement that the appellant was with the co-defendant and was driving his car, there was sufficient evidence from which the court could find probable cause.
During the dispositional phase of a transfer hearing, the court must determine whether it is in the best interest of the juvenile or the public to transfer the juvenile to circuit court to be tried as an adult. J.S.A. v. State, 615 So.2d 1288 (Ala. Cr.App.1993). In reaching its determination, the court must consider all of the following six factors:
"(1) The nature of the present alleged offense;
"(2) The extent and nature of the child's prior delinquency record;
"(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
"(5) The extent and nature of the child's physical and mental maturity; and
"(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
§ 12-15-34(d), Code of Alabama 1975. The court stated that it had considered all six factors in determining that the appellant should be transferred to the circuit court to be tried as an adult. It is not necessary that the court make specific findings as to each factor; all that is required is that the court consider all six factors. Taylor v. State, 507 So.2d 1034 (Ala.Cr.App.1987).
The juvenile court did not abuse its discretion in transferring the appellant to circuit court. The court reviewed the evidence and considered all of the factors listed in § 12-15-34(d) in reaching its decision.

II
The appellant also argues that his right to due process was violated because he was not allowed the opportunity to confront all the witnesses against him. Rule 11(H), A.R.Juv.P., provides: "the child, through his attorney, has the right to cross-examine witnesses." Rule 11(1), A.R.Juv.P., provides: "the child has the right to confront all witnesses against him unless the court finds that such confrontation would not be in the best interests of the child." See O.M. v. State, 595 So.2d 514 (Ala.Cr.App.1991), writ quashed, 595 So.2d 528 (1992). "The right to confront one's accusers as prescribed by the sixth amendment guarantees the right to `face-to-face encounter[s] between witness and accused.'" Williams v. State, [Ms. 89-633, September 20, 1991], 1991 WL 197836, *4 (Ala.Cr.App.1991), quoting Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 2801, 101 L.Ed.2d 857 (1988). The only evidence offered against the appellant at the transfer hearing was his confession and the testimony of witnesses, all of whom the appellant had the opportunity to cross-examine.
The police did use a confidential informant to obtain a lead in this case, but no information provided by that informant linked the appellant to this crime. The police used information provided by the confidential informant to locate a suspect in this case. This suspect then provided the police with information linking the appellant with the crime. Although the police testified that they received information that gave them probable cause to arrest the appellant, no statements of the informant or of the suspect were received into evidence at the transfer hearing.
"The right to confront a witness arises only when that witness inculpates a defendant." United States v. Daly, 756 F.2d 1076, 1081 (5th Cir.1985), cert. denied, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 558 (1985), citing Chambers v. Mississippi, 410 U.S. 284, 297-98, 93 S.Ct. 1038, 1047, 35 L.Ed.2d 297, 310 (1973). The appellant had *1330 the opportunity to confront all witnesses who provided evidence at his transfer hearing. Neither the confidential informant nor the suspect who ultimately led the police to the appellant testified at the hearing nor were any statements made by them received into evidence; thus, the appellant had no right to confront or to cross-examine either of these two individuals.
The appellant appears to argue that hearsay evidence of the informant's statements was received into evidence through the testimony of police officers. After reviewing the testimony at the transfer hearing, we conclude that the testimony of the police officers as to what the confidential informant told them was not hearsay because it was not offered to prove the truth of the matter asserted. See C. Gamble, McElroy's Alabama Evidence § 242.01(1) (4th ed. 1991). This testimony was received to show the reasons for the officers' actions and how their investigation focused on a suspect. Sawyer v. State, 598 So.2d 1035 (Ala.Cr.App.1992).
The appellant had the opportunity to confront all the witnesses whose testimony was received into evidence at his transfer hearing. His due process rights were not violated.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.