BOWEN, Presiding Judge.
This is an appeal from the order of the Juvenile Court of Jefferson County transferring sixteen-year-old B.L.S. to the circuit court for criminal prosecution as an adult on charges of attempted murder and robbery in the first degree. On this direct appeal from that transfer order, the appellant raises two issues.
I.
Contrary to the contention of the appellant, the transfer order of the juvenile court was not based solely on the nature of the offense. This Court considered a similar issue in A.W.M. v. State, 627 So.2d 1148 (Ala.Cr.App.1993), released this same date. Applying the principles we reviewed in that case to the one before us, we find that the juvenile court, in making its decision to transfer the appellant, did not consider solely the nature of the offense; instead, that court evaluated the underlying circumstances of the offense and weighed the appellant’s participation therein in conjunction with the required statutory factors. We hold that the dispositional phase of this cause was supported by clear and convincing evidence.
The order of transfer reflects that the juvenile court considered each of the six factors enumerated in Ala.Code 1975, § 12-15-34(d). CR. 48-49. In open court, the juvenile judge stated that he had considered these factors. R. 141.
The report prepared by probation services reveals that the appellant, when tested, showed “positive results for cannabinoids” and that he was suspended from school for fighting. The report also contains the following comment:
“[B.L.S.] appears to be more intelligent than the reports from school seem to indicate. He seems to be shrewd, calculating and relatively unfeeling. He remains unremorseful. His goals seem limited to the achievement of release into the community. ...
“The community seems to be afraid of [B.L.S.], and suspect him of being a cold blooded killer who should be removed.” CR. 45.
The psychological evaluation report concluded that the appellant “is able to stand trial as an adult.... He has a prior record *1144 of being involved with guns, and a personality disorder is suggested. He was uncooperative and purposely defiant with the MMPI.” CR. 37.
At the transfer hearing, the appellant admitted planning and committing the robbery and shooting the victim. The evidence shows that appellant and an accomplice robbed James Davidson at the Country Store in McCalla, Alabama, on July 20, 1992. The appellant told Davidson, “Give [the money] up, nigger, I’ll kill you, give it up now.” R. 15. The appellant shot Davidson in the shoulder while Davidson was standing with his hands raised in the air. Evidence was presented that the appellant had already been transferred to stand trial as an adult in three other cases in Tuscaloosa County— attempted murder and reckless endangerment, first degree theft, and first degree robbery. R. 122. Additionally, other charges were pending against the appellant in Marengo County, although these charges were apparently going to be dismissed since the appellant had been transferred on the Tuscaloosa County eases. R. 123.
The appellant was properly transferred to circuit court for prosecution as an adult.
II.
The appellant asserts that the juvenile judge improperly consolidated the robbery and murder charges without first giving him notice and an opportunity to be heard.
At the very beginning of the hearing on the motion to transfer, the State made “a motion to join the robbery first and the attempted murder cases.” R. 5. The prosecutor explained that the attempted murder was committed during the course of the charged robbery and that “[t]he same evidence will be heard for each case, the same witnesses.” R. 7. The juvenile judge then stated, “Well, for purposes of this hearing if it’s going to be the identical same facts then I’m going to overrule your objection, Mr. Tumlin [defense counsel], in the economy of time, if nothing else.” R. 7-8.
Although Rule 13.3(c), A.R.Crim.P., requires notice and an opportunity to be heard, see Sharpe v. State, 560 So.2d 1107, 1110 (Ala.Cr.App.1989), that rule applies to join-der and consolidation for trial. It does not apply to juvenile transfer hearings. See D.D.P. v. State, 595 So.2d 528, 533 (Ala.Cr.App.1991).
In this case, because the attempted murder was committed during the commission of the robbery, it would have been virtually impossible to have separated the two offenses. A transfer hearing on one charge would have involved evidence and testimony identical to that presented at the transfer hearing on the other charge. Under these circumstances, the appellant was not prejudiced by the consolidation of the attempted murder and robbery charges. See Woodberry v. State, 497 So.2d 587, 588-89 (Ala.Cr.App.1986). Therefore, we find no cause for reversal in the consolidation of the offenses.
The judgment of the Juvenile Court is affirmed.
AFFIRMED.
All Judges concur.