BOWEN, Presiding Judge.
This is an appeal from the order of the Juvenile Court of Jefferson County, Bessemer Division, ordering the transfer of the 17-year-old appellant, B.L.S.,[1] to circuit court for treatment as an adult on a charge of robbery in the first degree.
The appellant asserts that the juvenile court gave no “meaningful review” to the six statutory factors that must be considered before a juvenile court orders the transfer of a juvenile, Ala.Code 1975, § 12-15-34(d), and that the transfer was granted solely on the basis of the nature of the offense. We find these issues to be without merit.
The State presented clear and convincing evidence that the appellant, while armed with a firearm and employing physical force, robbed Carolyn Michelle Lucas on December 15, 1992.
At the transfer hearing, evidence was presented that the appellant had been transferred to circuit court for prosecution as an adult in Tuscaloosa County on charges of attempted murder, theft in the first degree, and robbery in the first degree and that the appellant had been transferred for prosecution as an adult in Jefferson County on charges of attempted murder and robbery in the first degree. There was also evidence that a charge of possession of a short-barreled shotgun had been dismissed without prejudice, and that the appellant had tested positive for marijuana upon admission to the detention facility. At the conclusion of the transfer hearing, the juvenile judge stated: “[Ajfter hearing the evidence I’ve heard today and listening to argument of both attorneys and considering the report sent to me by the probation officer Mr. Toole, I’m going to grant the State’s motion and send this case to the circuit court also due to the seriousness of the -offense.” R. 97-98.
“This Court reviews the dispositional phase of a juvenile court’s transfer order under the ‘clear and convincing evidence’ standard rather than the ‘abuse of discretion’ standard. O.M. v. State, 595 So.2d 514, 526 (Ala.Cr.App.1991), cert. quashed, 595 So.2d 528 (Ala.1992). ‘ “[A]n appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.” ’ D.D.P. v. State, 595 So.2d 528, 536 (Ala.Cr.App.1991) (quoting Ex parte J.R., 582 So.2d 444, 449 (Ala.) (Kennedy, J., dissenting from the quashing of a writ of certiorari), cert. denied, — U.S. -, 112 S.Ct. 122, 116 L.Ed.2d 90 (1991)).
“The decision to transfer a juvenile for prosecution as an adult may not be based solely on the nature of the offense.
*1036 “ ‘[I]t is improper for a juvenile court to transfer a juvenile to the circuit court based solely on the nature of the offense itself. The juvenile court should look to the facts underlying the offense in order to determine whether a transfer is warranted. The seriousness of the offense alone does not establish that a juvenile is not susceptible to rehabilitation in the juvenile court system.’
“Ex ‘parte J.D.G., 604 So.2d 378, 384 (Ala.1992) (Kennedy, J., dissenting from the quashing of a writ of certiorari) (emphasis in original). See also Ex parte Farrell, 591 So.2d 444, 449 (Ala.1991) (‘a criminal charge in and of itself cannot be used as the sole basis for properly denying a petition for youthful offender status’) (emphasis deleted). Instead, the juvenile court should examine the facts underlying the alleged offense and the circumstances surrounding the juvenile’s participation in that offense, along with the other five factors of Ala.Code 1975, § 12-15-34(d). N.D.T. v. State, 592 So.2d 647, 650 (Ala.Cr.App. 1991); J.S.A. v. State, 615 So.2d 1288 (Ala.Cr.App.1993).”
A.W.M. v. State, 627 So.2d 1148 (Ala.Cr.App.1993).
In this case, the transfer order of the juvenile court was not based solely on the nature of the offense. The order of transfer reflects that the juvenile court considered each of the six factors enumerated in Ala. Code 1975, § 12-15-34(d). After considering the facts underlying the offense, the circumstances surrounding the juvenile’s participation in that offense, and the other relevant statutory factors, a juvenile court may properly order the transfer of the juvenile even where there is evidence that the juvenile would be “an excellent candidate for treatment and rehabilitation.” A.W.M., 627 So.2d at 1154.
In B.L.S. v. State, 627 So.2d 1142 (Ala.Cr.App.1993), this Court affirmed the appellant’s transfer to circuit court for criminal prosecution as an adult on the charges of attempted murder and of robbery in the first degree. Applying the same legal principles to the facts of this case, we hold that the juvenile court did not abuse its discretion in ordering the transfer of the appellant.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. The anonymity of the juvenile is preserved as required by Rule 52, A.R.App.P.