TAYLOR, Judge.
The appellant, M.B.,[1] a juvenile, appeals from an order transferring his case from the Juvenile Court for Jefferson County to the circuit court for prosecution as an adult. The appellant was charged with murder made capital because the victim was killed *331 while in a motor vehicle by a deadly weapon fired from outside that motor vehicle. § 13A-5-40(a)(17), Code of Alabama 1975. The state filed a petition to transfer the appellant’s case to the Circuit Court for Jefferson County so that the appellant could be tried as an adult. After the transfer hearing, the court granted the state’s petition. The appellant appeals the order granting the petition.
I
The appellant initially contends that the juvenile court erred in transferring his case to circuit court. Specifically, he contends that there was insufficient evidence to support a finding of probable cause that he committed the crime of murder.
The state’s evidence tended to show that during the early morning hours on April 1, 1993, the victim was shot in the head as he was riding in an automobile on Dennison Avenue in Birmingham.
A state’s witness, Karen Matthews, testified that the victim was killed shortly after 12:45 a.m. on April 1, 1993. Matthews testified that she was riding in the car with the victim when he was killed. She testified that she was riding in the front seat, between the victim and the driver of the car. According to Matthews, a burgundy Oldsmobile Cutlass automobile that had been travelling behind them pulled up alongside the car in which she and the victim were riding, and someone in the other car pointed a gun out the driver’s side window and fired a shot. The shot hit the victim in the head.
Lorenzo White also testified for the state. White testified that he was riding in the back seat of the appellant’s car when the victim was shot. He further testified that the car in which he was riding was a burgundy Oldsmobile Cutlass and that the appellant was driving. White testified that a young man named Jeffery was riding in the front passenger seat of the appellant’s ear at the time of the shooting. According to White, the appellant had spoken with Zarki Beverly on the night of the shooting. Beverly had told the appellant that he had gotten into a fight with some people earlier that night. Beverly spotted the victim’s car and identified it as the caí’ he had the trouble with earlier. White testified that a passenger in Beverly’s car, John Patterson, got out of Beverly’s car and gave the appellant a shotgun while both cars were stopped at a traffic light. According to White, the appellant then pursued the victim’s car. White testified that Jeffery leaned across the appellant and fired the shotgun out the driver’s side window. White testified that he saw the shotgun blast hit the victim.
Jimmy Warren of the Birmingham Police Department testified that on April 1, 1993, shortly after 12:00 a.m., he saw a burgundy Cutlass in the area where the victim was killed. Warren testified that the Cutlass was stopped behind another car at a traffic light. He testified that a passenger from the lead car got out of the ear and went to the trunk. According to Warren, the driver of the Cutlass got out of his car and met the passenger of the lead car at the lead car’s trunk. The traffic light was changing, so both persons returned to their cars. Warren then testified that the person driving the Cutlass held a shotgun out the driver’s side window as the car left the intersection.
Two other eyewitnesses, Kelvin Davis and Alfredda Cole, were riding in Beverly’s car the night of the killing. Both witnesses testified that they saw the shotgun blast in the driver’s side window of the appellant’s car. Cole testified that after the shooting, Beverly and the appellant stopped their cars, and someone from the appellant’s car brought the shotgun to Beverly’s car and handed it to Patterson.
The purpose of a transfer hearing is not a hearing to adjudicate the guilt or innocence of the accused, but is a hearing to determine whether there is probable cause to believe the juvenile committed the crime with which he is charged. W.M. v. State, 607 So.2d 1303, 1304-05 (Ala.Cr.App.1992).
“During the probable cause phase, the juvenile court determines whether there is probable cause to believe that the juvenile committed the alleged crime.” § 12-15-34, Code of Alabama 1975.... See AM v. State, [621 So.2d 369] (Ala.Cr.App.1992).”
*332 J.S.A. v. State, 615 So.2d 1288, 1290 (Ala.Cr.App.1993). We will not interfere with the juvenile court’s order transferring a juvenile to circuit court unless that order is clearly erroneous. Williams v. State, 361 So.2d 1157 (Ala.1978).
The appellant contends that there was insufficient evidence presented at the transfer hearing from which to establish pz’obable cause that he committed offense of capital murder. In the context of a transfer hearing probable cause is “that which warrants a man of reasonable prudence and caution in believing that the offense has been committed and that the juvenile in question is the offender.” Ex parte W.T.K., 586 So.2d 850, 851 (Ala.), on remand, 586 So.2d 854 (Ala.Cr.App.1991), appeal after remand, 598 So.2d 33 (Ala.Cr.App.), cert. denied, — U.S. -, 113 S.Ct. 173, 121 L.Ed.2d 120 (1992). See also Duncan v. State, 394 So.2d 930, 932 (Ala.1981).
Reviewing the evidence presented by the state, we conclude that the trial court’s finding that probable cause existed is not clearly erroneous. An eyewitness testified that the appellant was driving the car from which the shot that killed the victim was fired. Another eyewitness who was riding with the victim when he was shot testified that the car from which the shot was fired was a burgundy Cutlass. This description matched the appellant’s car. This witness also testified that the fatal shot was fired from the front driver’s side window of that ear.
II
The appellant also questions the juvenile court’s order resulting from the disposi-tional phase of the transfer hearing.
“During the dispositional phase, the juvenile court determines whether it is in the best interest of the child or the public to transfer the child to the circuit court to stand trial as an adult. § 12-15-34, Code of Alabama 1975. See A.M. v. State, [621 So.2d 369] (Ala.Cr.App.1992).”
J.S.A. v. State, 615 So.2d 1288, 1290 (Ala.Cr.App.1993). Before making a determination on a transfer motion, the juvenile court is required to consider the six factors listed in § 12-15-34(d), Code of Alabama 1975. Jelks v. State, 522 So.2d 11 (Ala.Cr.App.1988).
Section 12-15-34(d) states:
“(d) Evidence of the following and other relevant factors shall be considered in determining whether the motion [for transfer] shall be granted:
“(1) The nature of the present alleged offense;
“(2) The extent and nature of the child’s prior delinquency record;
“(3) The nature of past treatment efforts and the nature of the child’s response to such efforts;
“(4) Demeanor;
“(5) The extent and nature of the child’s physical and mental maturity; and “(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.”
Furthermore,
“ ‘An appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court’s determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.’ D.D.P. v. State, 595 So.2d 528, 536 (Ala.Cr.App.1991) (quoting Ex parte J.R., 582 So.2d 444, 449 (Ala.) (Kennedy, J., dissenting from the quashing of a writ of certiorari), cert. denied, [ — ] U.S. [-], 112 S.Ct. 122 [116 L.Ed.2d 90] (1991)).”
B.L.S. v. State, 628 So.2d 1034, 1035 (Ala.Cr.App.1993).
The juvenile court received considerable evidence. The appellant’s mother testified at the hearing. The record also indicates that the trial judge was familiar with the appellant, having dealt with him on other criminal matters. The record also shows that the trial judge consulted three psychologists’ reports and the report of the appellant’s probation officer. Reviewing the record, we are convinced that the court considered all the factors enumerated in § 12-15-34(d), Code of Alabama 1975, in deciding what was in the *333 child’s and the public’s best interests to transfer the appellant to circuit court.
Applying the “clear and convincing” standard of proof to the juvenile court’s order, we conclude that there was no error in the order transferring the appellant to circuit court to stand trial as an adult. B.L.S., supra.
Ill
The appellant also contends that his trial counsel’s performance at the transfer hearing was ineffective. The appellant raised this issue in a motion for a new trial. However, the appellant failed to state in his motion any grounds supporting his allegation. A general objection that does not specify grounds preserves nothing for review. Landreth v. State, 600 So.2d 440 (Ala.Cr.App.1992). Therefore this issue was not adequately preserved for our review.
The order transferring the appellant to the Circuit Court for Jefferson County is due to be affirmed.
AFFIRMED.
All the Judges concur.

. The anonymity of the appellant is being preserved in accordance with Rule 52, A.R.App.P.