BASCHAB, Judge.
This appeal arises out of the issuance by the Franklin County Juvenile Court of two orders transferring the appellant, T.L.D., to the circuit court for prosecution as an adult on two charges of first-degree sexual abuse, violations of § 13A-6-66, Ala. Code 1975. The appellant raises two issues on appeal. However, because of our disposition of one of the issues, we pretermit discussion of the other issue at this time.
The appellant argues that the transfer orders issued by the Franklin County Juvenile Court do not comply with the requirements of § 12 — 15—34(d), Ala. Code 1975. Specifically, he asserts that the orders do not specify that the juvenile court considered the six factors set out in § 12-15-34(d) in transferring him to the circuit court for prosecution as an adult.[1] Section 12-15-34(d) requires that the juvenile court consider the following factors when determining whether to transfer a juvenile to circuit court: (1) the nature of the present alleged offense; (2) the extent and nature of the prior delinquency record of the juvenile; (3) the nature of past treatment efforts and the nature of the response of the juvenile to these efforts; (4) the juvenile’s demeanor; (5) the extent and nature of the physical and mental maturity of the juvenile; and (6) the interests of the community and of the juvenile requiring that the juvenile be placed under legal restraint or discipline. The appellant *473 correctly asserts that a transfer order must show that the juvenile court considered these factors in transferring a juvenile to circuit court for prosecution as an adult. M.D. v. State, 701 So.2d 58, 65 (Ala.Cr.App.1997); Ex parte S. B., 650 So.2d 953, 955 (Ala.1994). However,
“[t]he juvenile court need not make any specific findings as to the six factors specified under § 12—15—34(d), but must only note in its order that all the factors were considered. Taylor v. State, 507 So.2d 1034 (Ala.Cr.App.1987); J.S.A. v. State, [615 So.2d 1288 (Ala.Crim.App.1993) ].”
T.R.D. v. State, 673 So.2d 838, 843 (Ala.Cr.App.1995). See also Ex parte S. B., 650 So.2d 953 (Ala.1994); R.L.B. v. State, 647 So.2d 803 (Ala.Cr.App.1994).
In these eases, the juvenile court’s orders do not indicate that the court considered the factors set forth in § 12—15—34(d), Ala.Code 1975, in transferring the appellant to the circuit court. Therefore, we remand these cases to the Franklin County Juvenile Court with directions that that court amend its orders to comply with the requirements of § 12-15-34(d), Ala.Code 1975. The juvenile court shall file a return with this court within 28 days after the release of this opinion.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. The State argues that this issue is not properly before this court because the appellant raises it for the first time on appeal. However, "defects in a transfer order can be raised on appeal although they were not objected to and were not raised by a post-order motion to reconsider.” Ex parte S. B., 650 So.2d 953, 954 (Ala.1994). See also B.M.E. v. State, 141 So.2d 461 (Ala.Cr.App.1999).