SHAW, Judge.
The appellant, M.B.M., appeals from the juvenile court’s order transferring him to *285 the circuit court for prosecution as an adult on the charge of theft of property in the second degree.
The appellant presents only one issue on appeal: he argues that the juvenile court erred in transferring him to the circuit court because, he says, there was no probable cause to believe that he committed the crime of second-degree theft of property. The appellant preserved this issue by moving to dismiss the State’s motion to transfer at the conclusion of the transfer hearing.
At the transfer hearing, Diana Tidwell, a juvenile probation officer with Lauderdale County, testified that she had been supervising the appellant for approximately two years and that the appellant had several prior delinquency adjudications, including adjudications for theft. The prosecutor then questioned her about the theft-of-property charge that was the subject of the transfer hearing as follows:
“[Prosecutor]: And are you personally familiar with the current charges pending against him?
“[Appellant’s counsel]: Your Honor, I’m going to object to this line of questioning if it’s going to go into what she personally knows. She wasn’t the arresting officer. The only thing she really — would be something that’s hearsay, and I would object to the introduction of that.
“[Prosecutor]: I can rephrase, Your Honor.
“THE COURT: Rephrase.
“[Prosecutor]: As part of your duties, as already testified to, have you become familiar with the substance and nature of the current charge pending against this individual?
“[Tidwell]: Yes. Florence police brought us a new charge of theft of property third.
“[Prosecutor]: And at this time are you prepared to tell the court what the nature and substance of that allegation is?
“[Tidwell]: Yes, I can.
“[Prosecutor]: Would you, please?
“[Appellant’s counsel]: I’m going to object to that, Your Honor.
“THE COURT: Overruled.
“[Tidwell]: Okay. On December 17th [the appellant] was arrested after a shoplifting incident at Dillard’s [department store]. He was arrested outside of Dillard’s. There was another [sic] adult that got away.”
(R. 4-5.) When asked on cross-examination whether she had “any evidence of the allegation to show or support the charge,” Tidwell replied, “No. At this hearing we never present anything like that.” (R. 11.) Other than the testimony set out above, the State presented no other evidence and no other witnesses at the transfer hearing.
A transfer hearing is divided into two phases: a probable-cause phase and a dispositional phase. “During the probable cause phase, the juvenile court determines whether there is probable cause to believe that the juvenile committed the alleged crime.” J.S.A. v. State, 615 So.2d 1288, 1290 (Ala.Crim.App.1998). “It is not necessary at the transfer hearing that the state prove beyond a reasonable doubt that the appellant committed the crime charged.” T.L.N. v. State, 719 So.2d 260, 262 (Ala.Crim.App.1997).
“A transfer hearing is not designed to determine the guilt or innocence of the juvenile accused of the crime, but is, instead, a probable cause hearing to determine whether the juvenile should be transferred out of the juvenile court for criminal prosecution as an adult. Ex parte Whisenant, 466 So.2d 1006 (Ala.), on remand, Whisenant v. State, 466 *286 So.2d 1013 (Ala.Cr.App.1985). Probable cause, in the context of a transfer hearing, is defined as that which would warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the juvenile in question is the offender. Bragg v. State, 416 So.2d 715 (Ala.1982).”
Ex parte W.T.K., 586 So.2d 850, 851 (Ala.1991). “We will not interfere with the juvenile court’s order transferring a juvenile to circuit court unless that order is clearly erroneous.” M.B. v. State, 641 So.2d 330, 332 (Ala.Crim.App.1994).
The only evidence presented by the State at the transfer hearing was the testimony of Tidwell that she had learned from the Florence Police Department that the appellant had been arrested outside of Dillard’s department store for shoplifting and had been charged with theft of property in the third degree. We point out, however, that the appellant was charged in the delinquency petition with theft of property in the second degree, not theft of property in the third degree, and that the delinquency petition alleged that the appellant stole items from Parisian department store, not Dillard’s department store. Under these circumstances, we question whether Tidwell was even testifying about the incident that formed the basis for the second-degree theft charge or whether she was testifying about another incident — one unrelated to the present charge. However, even assuming that Tidwell was testifying about the present charge, the mere fact that the appellant was arrested for the crime is not sufficient to warrant a man of reasonable prudence and caution in believing that the appellant actually committed the crime. If it were, there would be no need for the probable-cause phase of the transfer hearing. Moreover, Tidwell’s testimony was entirely hearsay. Although generally in a juvenile transfer hearing “hearsay evidence is admissible to show probable cause that the accused committed the crime in question,” W.M. v. State, 607 So.2d 1303, 1304 (Ala.Crim.App.1992), hearsay evidence cannot “constitute the sole basis for a finding of probable cause to transfer the child to circuit court.” O.M. v. State, 595 So.2d 514, 518 (Ala.Crim.App.1991). See also C.E.B. v. State, 661 So.2d 786 (Ala.Crim.App.1994)(finding of probable cause in a transfer hearing cannot be based solely on hearsay testimony).
In this case, not only was the only evidence offered of probable cause hearsay, that evidence — that the appellant had been arrested for the crime — even if it was not solely hearsay, was not sufficient to establish probable cause that the appellant committed the crime. Therefore, the juvenile court erred in transferring the appellant to circuit court for prosecution as an adult. The judgment of the juvenile court is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.