McMILLAN, Judge.
The appellant, Q.J.S., appeals from the juvenile court’s order transferring him to the circuit court to stand trial as an adult. On May 1, 2007, Q.J.S. was charged in delinquency petitions with third-degree burglary, second-degree theft of property, and third-degree criminal mischief. The State moved to transfer the cases for prosecution in the circuit court; after a hearing, the juvenile court granted the motion. Q.J.S. then filed written notice of appeal.
Bill Lovelace, intake officer for the juvenile division of the Lauderdale County probation office, was the sole witness at the transfer healing. He testified that his responsibilities included examining complaints submitted by police and victims to be sure that the allegations assert an offense contained in the Alabama Criminal Code. If they do, Lovelace enters the information into the computer and prints out a formal petition; the agency or victim making the complaint swears to the allegations; and the petition is filed with the circuit clerk’s office. Lovelace said that he received the complaints against Q.J.S. on April 30, 2007, and Florence police officer Ron Bluff swore to the burglary allegations on May 1, 2007. Lovelace read portions of a transfer report prepared by Lee Cox Rhodes, the juvenile probation officer, into evidence, and the juvenile court admitted the report as State’s Exhibit 1. The transfer report contained information about factors that were relevant to the dispositional phase of the transfer hearing, including QJ.S.’s history with the juvenile system, the nature of past treatment efforts, and QJ.S.’s response, Q.J.S’s demeanor, Q.J.S.’s physical and mental maturity, the interest of the community, and *165 the juvenile probation officer’s recommendation concerning the transfer. Lovelace read a portion of the police report on the burglary charge into evidence, and the juvenile court admitted the police reports on the three offenses into evidence as State’s Exhibits 2, 3V and 4.
Q.J.S. presents three issues on appeal: whether the juvenile court erred in transferring him for prosecution as an adult based solely on hearsay evidence; whether the juvenile court violated his rights of confrontation and cross-examination by admitting hearsay testimony and documents into evidence; and whether the juvenile court erred in holding a combined hearing on the probable cause and disposition phases of the transfer hearing. The State contends that this appeal is due to be dismissed because the notice of appeal was not timely filed. However, Q.J.S. timely requested a 14-day extension in which to file an appeal, on the ground that he was not given notice of the court’s ruling on the transfer issue. Therefore, pursuant to Ex parte S.W.T., 782 So.2d 766 (Ala.2000), and Rule 77(d), Ala. R. Civ. P., his appeal is properly before this court.
Q.J.S.’s first contention is that the juvenile court erred in transferring him for prosecution as an adult based solely on hearsay evidence. He argues that the State’s only witness, Bill Lovelace, was not assigned to Q.J.S., did not personally prepare the transfer report, and did not have any knowledge of the underlying offenses.
In a juvenile transfer hearing, hearsay evidence is admissible to show that there is probable cause that the accused committed the crime, but it cannot constitute the sole basis for a finding of probable cause. M.B.M. v. State, 848 So.2d 283 (Ala.Crim.App.2002). The State contends that the juvenile court’s transfer decision was not based solely on hearsay evidence because, it says, the police incident reports, State’s Exhibits 2, 3, and 4, were admissible under Rule 803(6), Ala. R. Evid., the business records exception to the hearsay rule. Rule 803(6) provides that the records of certain regularly conducted activities are admissible as exceptions to the general rule that hearsay is inadmissible.
“Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala. R. Evid. “There are two methods whereby one may circumvent a hearsay objection. The statement may qualify under one of the exceptions enumerated in Rule 803 or Rule 804 [of the Alabama Rules of Evidence], Additionally, however, the statement may be defini-tionally nonhearsay under Rule 801.” Taylor v. State, 808 So.2d 1148, 1193 (Ala. Crim.App.2000), quoting McElroy’s Alabama Evidence, § 242.01(l)(a)(5th ed. 1996); see Rule 801(d), Ala. R. Evid. (providing that certain statements are “not hearsay”).
The business-records exception permits the admission of specified hearsay evidence, but it does not provide that such evidence is not hearsay. “Rule 802 expressly exempts from exclusion those hearsay statements whose admissibility is otherwise provided by law.” Rule 802, Ala. R. Evid., Advisory Committee’s Notes. (Emphasis added.) The juvenile court did not have probable cause to transfer Q.J.S. for trial as an adult because all the State’s evidence was hearsay.
Because we must reverse the judgment of the juvenile court on the issue of probable cause, we pretermit discussion of the remaining issues raised on appeal. The judgment of the juvenile court is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*166 BASCHAB, P.J., and SHAW and WISE, JJ., concur. WELCH, J., concurs in the result.